THE STATE OF KANSAS v. WILLIAM TYSON.
No. 10491.

CRIMINAL CASE—*New Trial—Cumulative Evidence.* When there is in question the identity of a man and a woman seen together in a spring wagon by two occupants of a buggy and a man driving a carriage, and the occupants of the buggy testify that the persons were the defendant and his daughter H., but H., who was called as a witness, testified that she was not in the spring wagon, nor with her father, and denied all knowledge of the event referred to by the witnesses, *held*, that the testimony of the driver of the carriage (who was not found until after the trial), that the persons in the spring wagon were not the defendant and his daughter, is not cumulative as to the evidence of H.

*Appeal from Osage District Court.*

THE opinion herein, filed April 11, 1896, states the facts.

*Starkey & McLaughlin,* for appellant.

*F. B. Dawes,* attorney general, and *Geo. M. Wolf,* county attorney, for The State ; *H. B. Hughbanks,* of counsel.

The opinion of the court was delivered by

MARTIN, C. J. : At November term, 1895, the defendant was convicted of an attempt to ravish Henri-

etta Tyson, a female under the age of 18 years, and he was sentenced thereon to imprisonment at hard labor in the penitentiary for the term of five years. Complaint was lodged by the county attorney with the justice of the peace on October 3, 1895. The time of the alleged commission of the offense was on or about November 5, 1893. The evidence offered by the state to prove the offense was that of J. A. Sadler and Nellie Sadler, his wife, who testified that on a Sunday afternoon, late in October, 1893, while out driving in a buggy, northwardly, toward Osage City, and not far from that place, they discovered at the bottom of a hill and beside a small culvert a man and a woman *flagrante delicto;* that the parties hastily got up and into a spring wagon, and drove ahead until they came to a road turning east, when they went in that direction. Mr. and Mrs. Sadler did not then know the names of these persons, but testified that they had seen them before on the street in Osage City. Mr. Sadler hesitated in his identification of Henrietta as one of the persons seen at the roadside and in the spring wagon, but Mrs. Sadler was quite positive. Both stated that a little way back on the road they passed a woman who was watering some cattle at a pond, and when they came nearly upon these persons at the culvert, a double carriage, containing a man and three ladies, who were strangers to them, was seen starting down the hill from the north, which soon met the spring wagon with its occupants, and then these witnesses. Henrietta is the daughter of the defendant, and her age at the time of the alleged crime was about 13 years and 6 months. She denied the offense *in toto*, and testified that she had not been on that road with her father on any Sunday afternoon in the fall of 1893. The defendant did not testify.

Affidavits were offered in support of the motion for a new trial, as to newly-discovered evidence, some of them relating to the diligence of the defendant in discovering the occupants of the double carriage described by Mr. and Mrs. Sadler with a view to obtaining their evidence. After a time it was ascertained that the driver was probably John Ford, an employee at Atterbury's livery stable in Osage City, but he had left the city and was not found until after the trial. His affidavit was obtained and used upon the hearing of the motion. He testified that he knew the defendant and his daughter Hetty; that the defendant was often about the barn; that on a Sunday afternoon in the latter part of October, 1893, he took a party of ladies from Osage City to a point near Reading; that when he came to the top of the hill looking south toward the bottom of a small ravine, he saw a team hitched to a light wagon standing on the road, and when within about 20 rods he saw a man and a woman scramble hurriedly into the wagon and start the team; that he soon met them, but they were strangers to him, and not William Tyson nor Hetty Tyson; that he then met a gentleman and a lady in a single buggy, but he did not know them, and afterward passed a woman driving some cattle in the highway.

We hold that the court erred in overruling the motion for a new trial. The prosecution was long delayed, but conviction fast followed the arrest. It must have been a difficult task to ascertain the occupants of the double carriage two years after the event; and, until they were found and interviewed, no statement could be made as to their evidence in an application for a continuance. There was no lack of diligence. It is admitted that the evidence of Ford is very material, but counsel for the state contends

that it is cumulative.    Newly-discovered evidence, merely cumulative, and not of a material and decisive character, is not a sufficient ground for a new trial. (*The State v. Rohrer*, 34 Kan. 427 ; *The State v. McCool*, 34 id. 613 ; *The State v. Stickney*, 53 id. 308.)   Greenleaf, in his work on Evidence, vol. I, § 2, says : ''Cumulative evidence is evidence of the same kind to the same point.    Thus, if a fact is attempted to be proved by the verbal admission of the party, evidence of another verbal admission of the same fact is cumulative ; but evidence of other circumstances tending to establish the fact is not.''    The identity of the persons at the roadside and in the spring wagon was a distinct fact, and the occupants of the buggy and the double carriage were the only disinterested persons who had an opportunity to form an intelligent judgment on the subject ; and the testimony of the occupants of the double carriage could not be cumulative to that of Henrietta Tyson, who testified that she was not there, and knew nothing of the event which was the subject of the testimony of Mr. and Mrs. Sadler. Ford's evidence corroborated that of Mr. and Mrs. Sadler in that a man and a woman were at the roadside and in the spring wagon.    It contradicts them only as to the identity of those persons, and corroborates Henrietta's denial that she was one of them. It is fallacious to say that Ford's evidence is cumulative to that of Henrietta.    Her testimony was negative — that she was not there and did not know who was.    Ford's evidence is positive — a man and a woman were there, but the man was not William Tyson, and the woman was not Henrietta Tyson. If Ford had been a witness at the trial, the result would probably have been different.

The judgment will be reversed, and the case remanded for a new trial.

All the Justices concurring.