The judgment is affirmed.

---

ED HOWELL, *a Minor, etc., Appellee,* v. THE IOLA
PORTLAND CEMENT COMPANY, *Appellant.*

No. 17,387.

SYLLABUS BY THE COURT.

. "FACTORY ACT"—*Instructions—To be Construed Together.*   The instructions given to a jury should all be read and construed together, and although a single expression in an instruction may seem misleading, error will not be predicated thereon if the instructions together constitute a correct statement of the law applicable to the case.

Appeal from Allen district court.   Opinion filed January 6, 1912.   Affirmed.

*William Warner, O. H. Dean, W. D. McLeod, H. C. Timmonds,* and *H. M. Langworthy,* for the appellant.

*H. A. Ewing, S. A. Gard,* and *G. R. Gard,* for the appellee.

Howell v. Cement Co.

The opinion of the court was delivered by

SMITH, J.: This is an action which the appellee brought under the factory act (Gen. Stat. 1909, §§ 4676-4683) for damages for personal injuries inflicted upon him by machinery operated in appellant's factory. The appellee claims to have been engaged in the discharge of his duties as an employee of the appellant; the claim being that the machinery was not properly safeguarded as required by that act.

The case was tried to a jury and a verdict was returned in favor of the appellee for $3500, and, after a motion for a new trial had been overruled, judgment was rendered in accordance with the verdict. This appeal is brought to reverse the judgment.

Very numerous objections are made to the admission of evidence claimed to be improper and also to the exclusion of evidence which the appellant claimed should have been introduced. There are also numerous assignments of error in the refusal of the court to give instructions requested by the appellant and to the instructions given by the court. Comparatively few of the alleged errors are argued in the appellant's brief.

One principal objection is to the overruling of the appellant's demurrer to the appellee's evidence. It is contended that there was no evidence on the part of the appellee that he had any duty to perform with reference to the inspecting or repairing of the machinery in which he was alleged to have been injured. The ruling of the court was not erroneous. The appellee testified that he was employed by the appellant's foreman, Moritz, and was instructed to go to the appellee's brother, J. C. Howell, and he would tell him what to do; that J. C. Howell was the repair man in the section of the factory where the accident occurred and appellee was his assistant and had been for several months be--

fore the accident occurred. That J. C. Howell had instructed appellee that if anything went wrong in the machinery when he, J. C. Howell, was not present, to examine, ascertain what was the matter, fix it if he could, and if not, to inform him; that at the time of the accident he saw the end of a shaft moving irregularly, and Moritz and his brother being absent, he went into the enclosure to ascertain what was the matter; that the place was not well lighted and he scratched a match and held it over the gearing so he could see what was wrong, when his coat sleeve was caught in the gearing, his arm was drawn into it and injured. He also testified that while in the employ of the appellant as assistant to his brother, he had received instructions from him.

In short, we think there was ample evidence to justify the overruling of the demurrer, and also evidence tending to prove that there was a violation of the factory act, as there was proof that there was no covering immediately over the gearing.

The gearing at which the injury occurred was one of a number of like kind a few feet apart, all of which were in an enclosure about 150 feet long and about four feet wide with a slanting roof or cover extending from a wall, the top of which was about three feet from the floor, to the side of the building, about seven feet from the floor. To inspect or repair the machinery, the workmen entered one of several openings into this enclosure and passed along a space about three feet wide between the gearing and the wall of the building. There was no other covering over each separate set of gearings and none over the gearing where the accident occurred. It is conceded that a blue print showing plainly the situation was offered in evidence.

In *Caspar v. Lewin,* 82 Kan. 604, 109 Pac. 657, it was said:

"The plaintiff showed that the shafting was unguarded and that as a direct result and consequence

Caspar was killed. Under the statute the plaintiff was not required to go further and offer proof in the first instance that it was practicable to guard the shafting. . . . On the other hand, the factory owner always possesses the ability to show that additions in the direction of safety would destroy the efficiency of the appliance causing the injury or would otherwise be impracticable." (p. 635.)

(See, also, *Smith v. Cement Co.*, post, p. 287.)

It is, in substance, held in these cases that the burden is upon the plaintiff to show that the machinery causing an injury is not guarded, or not properly guarded, and having done so the burden shifts upon the defendant to show that further safeguards would destroy the efficiency of the appliance or would otherwise be impracticable.

The appellant complains of two instructions given by the court from which it might be inferred that the burden of proof was upon the defendant to show that the defendant had safeguarded its cog gearing and machinery sufficiently and the impracticability of further guarding the same. However, read in connection with other instructions given by the court, in which the jury were plainly told, in substance, that the burden of proving that the gearing was not guarded, or not properly guarded, was upon the appellee, it does not appear that the jury could have been misled.

It is also claimed that the court erred in refusing to instruct the jury to disregard a certain remark alleged to have been made to the jury by the attorney for appellee in the closing argument. There is a dispute between counsel as to what was said. The official stenographer certifies to this court that he was out of the courtroom and did not hear or take notes of the remark when made but afterward made notes of and transcribed into the record the remarks as related to him by an attorney for appellant. We have therefore to assume in support of the ruling of the court that the re-

mark was not improper nor prejudicial to appellant. and that the court heard and knew what was in fact. said.

. We have considered all of the remaining assignments. of error and find no substantial error in the proceed-- ings on the trial.

The judgment is affirmed.