JAMES HOWELL, *Appellee*, v. THE IOLA PORTLAND CEMENT COMPANY, *Appellant*.

No. 17,429.

SYLLABUS BY THE COURT.

"FACTORY ACT"—*Injuries to Son—Action by Father—Failure to Demur or Answer—No Waiver*. Where a father sues to recover for expenses incurred by reason of an injury to his minor son, and for the loss of his son's services during minority, basing his claim upon the "factory act," which makes employers liable for injuries to employees resulting from a failure to safeguard machinery, the objection that no one

but the injured person can .avail himself of that statute is not waived by a failure to raise it by demurrer or answer.

Appeal from Allen district court.  Opinion filed February 10, 1912.  Reversed.

*William Warner, O. H. Dean, H. C. Timmonds, W. D. McLeod,* and *H. M. Langworthy,* for the appellant.

*H. A. Ewing, S. A. Gard,* and *G. R. Gard,* for the appellee.

The .opinion of the court was delivered by

MASON, J.:    James Howell recovered a judgment against the Iola Portland Cement Company for the losses he had sustained by reason of injuries received by his minor son while in the employ of the defendant. The company appeals.  The recovery was for expenses incurred by the plaintiff for medical attendance, and for the loss of the services of his son during minority. The negligence alleged in the petition was the failure of the defendant to provide a safe place for its workmen, the defects specified being a lack of sufficient light, and an omission to safeguard or encase the cogwheels which were the cause of the injury.  The jury were instructed as to the duty of the defendant both under the common law and under the factory act.  (Gen. Stat. 1909, §§ 4676-4689.)   As they found specifically that the injury did not result from insufficient light it is probable that the verdict was based upon the statutory phase of the action.  Since the judgment was rendered this court has decided that a father in suing for the loss of the services of his minor son can not avail. himself of the factory act.  (*Gibson v. Packing Box Co.,* 85 Kan. 346, 116 Pac. 502.)   The rule would necessarily be the same with respect to the other items of damage here claimed.   Upon the authority of that decision a reversal must be ordered.

The plaintiff regards an objection to his recovering

under the factory act as essentially an objection to his capacity to sue, and contends that it has been waived because it was not raised by demurrer to the petition. The petition stated a cause of action under the common law, and was therefore not demurrable. But if the allegations respecting the violation of the factory act are treated as forming an independent cause of action, the defendant's failure to demur did not preclude its subsequently raising the question of the plaintiff's right to recover under the statute. It did raise that question by objections to the introduction of evidence and in various other ways. An objection that a plaintiff has no capacity to sue is waived unless taken by demurrer (or by answer if the disability does not appear on the face of the petition). (Civ. Code, § 95.) But the objection here made is not that the plaintiff has no capacity to sue, but that he can not found his recovery upon the statute—that under the statute he has no cause of action. "There is a difference between capacity to sue, which is the right to come into court, and a cause of action, which is the right to relief in court." (31 Cyc. 296.) In *Maelzer v. Swan,* 75 Kan. 496, 89 Pac. 1037, an action to enforce a landlord's lien, the court said that the objection that the proper party had not brought the action should have been raised by a demurrer to the petition, or by answer. But the objection there referred to was that a necessary plaintiff had been omitted—that there was a "defect" of parties plaintiff. The opinion expressly stated that the question of the plaintiff's title and consequent right to recover was still open.

The plaintiff cites *Abeles v. Bransfield,* 19 Kan. 16, as bearing upon the matter. There a mother sued in the name of her minor son, by herself as his next friend, to recover for his loss of time resulting from an injury, and for expenses incurred on that account. A recovery was sustained upon the ground that the bring-

ing of the action in that form was conclusive evidence of a relinquishment to the son of the right to the compensation asked. Here, however, the father did not sue in behalf of his son, but for himself. He did not waive his own claim, he asserted it. His son has already recovered from the defendant, in the name of his father as his next friend, a judgment for $3500 for his own damages resulting from the injury. (*Howell v. Cement Co.*, ante, p. 283, 120 Pac. 350.) The present action is for the losses suffered by the father by reason of the same injury. The claim is his own and his action gave no suggestion of a purpose to relinquish it to his son.

Where death results from the wrongful act of another, an action for damages may be brought for the benefit of the widow and children or next of kin, under some circumstances directly, and under others through the interposition of an executor or administrator. The question whether in a particular case the action should be brought in one manner or in the other is purely one of form, and is properly regarded as waived unless promptly raised. No such situation is here presented. The plaintiff is suing for compensation for losses which he himself has suffered. Except by a relinquishment on his part his son could not maintain an action on account of his loss of services during minority. (Note, 6 L. R. A., n. s., 552.) It may be doubted whether the son could maintain such an action under any circumstances after having had one recovery for the same injury, since a splitting of actions for personal injuries is not permitted. (23 Cyc. 447.) Here, however, no purpose to effect such relinquishment is shown.

The judgment is reversed and the cause remanded for a new trial upon the question whether the failure to provide a casing or guard for the cogwheels constituted actionable negligence irrespective of the factory act; the jury having found that the injury did not

result from insufficient light, and the fairness of that finding not being challenged, the allegations of the petition in that regard will be disregarded upon a second trial.