No. 19,055.

THE STATE OF KANSAS, *Appellee*, V. WALTER MOUNKES, *Appellant*.

SYLLABUS BY THE COURT.

CRIMINAL LAW—*False Testimony—New Trial Should be Granted.* In a criminal action where it is shown on a motion for a new trial that false and perjured testimony, which the defendant had no fair opportunity to rebut at the trial, probably influenced the jury to find him guilty, it is the duty of the court to set the conviction aside and grant a new trial.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed February 7, 1914. Reversed.

*W. L. Huggins, Henry E. Ganse,* and *Humbert Riddle,* all of Emporia, for the appellant.

*John S. Dawson,* attorney-general, *Owen S. Samuel,* county attorney, and *W. N. Smelser,* of Emporia, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant appeals from a judgment convicting him of the crime of assaulting one Ernest Van Sickle with a deadly weapon with intent to kill. A former conviction was reversed and a new trial ordered on account of error in the instructions. (*The State v. Mounkes,* 88 Kan. 193, 127 Pac. 637.)    The

facts out of which the prosecution arose are quite fully stated in the former opinion.

On both trials the defendant testified that his brother Arthur, a boy of sixteen years of age, was assaulted by a number of young men in the schoolhouse yard and was overtaken and thrown down, and that he called to the defendant for help and said, "They are killing me." He testified that he started to go to his brother's aid and took a knife out of his pocket for the purpose of protecting and defending his brother; that he struck Van Sickle because the latter attempted to prevent his going to his brother and had stooped to pick up a rock and was in a threatening attitude and had used a vile epithet; that he struck to defend himself and to enable him to go to his brother's assistance. Van Sickle testified that he had said nothing and done nothing to cause the appellant to strike him.

At both trials the defendant testified that on the schoolhouse ground near the place where the fight occurred there was a flower bed encircled by pieces of rock, and that when Van Sickle stooped down the defendant believed he had picked up a rock from the ground. On the second trial, at the close of the defendant's testimony and late in the afternoon, the prosecuting witness, Van Sickle, and one other witness were called in rebuttal, and both positively denied the existence of any flower bed on the school grounds or that there were any rocks on the ground near where the encounter took place. The existence of the flower bed surrounded by stones was not disputed at the first trial, and the defendant claims that he was wholly surprised by the rebuttal testimony and was unprepared to meet it. At the former trial the prosecuting witness himself had testified that such a flower bed was there; but this fact was not remembered by the attorneys for the defendant, and in the few minutes that elapsed before the close of the case they were unable to produce

any witnesses who knew the truth of the matter, ex--
cept a sister of the defendant, whom the court per-
mitted to testify in surrebuttal.  In the argument of
the case the attorneys for the state commented upon the
testimony showing that there were no rocks at the
place of the encounter, and argued to the jury that the
defendant had testified falsely for the purpose of es-
tablishing his plea of self-defense, and dwelt upon the
fact that another wholly disinterested witness had de-
nied the existence of any flower bed near the place of
the encounter.

After the trial four persons who had heard the evi-
dence went to the schoolhouse for the purpose of mak-
ing an examination and found the flower bed sur-
rounded by rocks as testified to by the defendant.
Their affidavits were used upon the motion for a new
trial, and the evidence of the prosecuting witness at.
the first trial was produced in which he testified to the
existence of the flower bed.  In addition, affidavits of
three former school teachers who had taught there
were introduced, to the effect that a flower bed sur-
rounded with rocks was in the yard at the time of the
alleged offense; and much additional testimony to the
same effect was produced, including photographs show-
ing the flower bed and the stones surrounding it.  The
existence of the flower bed there surrounded by rocks.
at the time the fight occurred is established beyond any
doubt, from which it necessarily follows that the tes--
timony of the witnesses to the contrary was false.

The court, however, refused to set aside the convic-
tion and grant a new trial upon the theory that it was.
not a vital issue whether there were in fact any rocks
or stones at the place, and that if the jury found from
the evidence that the defendant believed or had rea-
sonable grounds for believing that the prosecuting wit-
ness was about to assault him in that way, the defend-
ant had a right to rely on the plea of self-defense,.

"whether," as the court expressed it, "there was a stone within a mile of the place or not." We think a new trial should have been granted. Manifestly the false testimony must have influenced the jury unfavorably to the defendant's contention. The jury had been instructed that if they believed that a witness had willfully testified falsely to a material fact they might entirely disregard his testimony; that they were the judges of whether the defendant was acting honestly and fairly and with the apprehension of danger, and that in determining whether he reasonably or honestly believed himself to be in great danger of bodily harm they might take into consideration all acts and circumstances shown in the evidence. If the jury had believed that there were stones on the ground near where the encounter took place and that defendant knew this, they might the more readily have concluded that he acted reasonably in believing himself to be in danger of great bodily harm. It is difficult to conceive why the testimony was not prejudicial to the defendant.

It is said that new trials are not granted on the ground of newly discovered evidence which is merely cumulative. But this was more than cumulative; it was conclusive evidence of a fact that had been disputed at the trial, and which, though collateral to the main issue, became more or less material. In a survey-and-boundary case (*Dent v. Simpson*, 81 Kan. 217, 105 Pac. 542), the controversy turned upon the true location of the government corner, about which the evidence was conflicting. The surveyor was unable to find the government stone, and established the corner some distance from where plaintiff claimed it should be. After a judgment approving the surveyor's report, plaintiff produced a witness who testified that he knew the true location of the corner, that he had been road overseer twenty years before and in grading the road had plowed up and covered over the government stone;

that after the trial he went to the place, dug down and found the original stone in the exact location that it was when he graded the road. The newly discovered evidence was held not to be cumulative and the judgment was reversed for error in refusing to grant a new trial. But manifestly, where a defendant has been convicted of a crime his right to a new trial should not depend upon the technical question of whether certain evidence is or is not cumulative. He is entitled to a fair trial; and where it appears that perjured testimony which he had no fair opportunity to rebut at the trial probably influenced the jury to find him guilty, it is the duty of the court to set the conviction aside and grant a new trial. (*The State v. Tyson,* 56 Kan. 686, 44 Pac. 609; *The State v. Keleher,* 74 Kan. 631, 87 Pac. 738.) In the last case it was said in the opinion:

"A jury should have the opportunity to hear all of this testimony and to determine what should be believed. Where the probable effect of the newly discovered evidence is doubtful or impossible to determine, a new trial should be granted. (*Dennis v. The State,* 103 Ind. 142, 2 N. E. 349; 14 Encyc. Pl. & Pr. 842; *Lindley v. The State,* 11 Tex. App. 283.)" (p. 643.)

While it can not be said in the present case, as was said in the Keleher case, that the newly discovered evidence if believed entirely obliterates the evidence of the witness upon which the conviction was based, still it is true that it seriously affects his credibility as a witness and also the credibility of the defendant; and their testimony was directly conflicting with respect to a material matter of defense.

The judgment is reversed and a new trial ordered.