No. 20,256.

JOSEPH HENRY, *Appellee*, v. THE MISSOURI, KANSAS & TEXAS
RAILWAY COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. JUDGMENT—*Binding Effect—Res Judicata.* A party is bound by and may plead the conclusiveness of a former judgment only in the same capacity in which he was a party to it.

2. SAME—*In Favor of Minor—Not Binding on Same Defendant in Action by Father.* A judgment in favor of a minor in an action brought in his behalf by his father as guardian or next friend, to recover for personal injuries resulting from the negligence of his employer, is not conclusive or binding against the defendant in another action brought by the father in his own right to recover for loss of the son's services.

3. MASTER AND SERVANT—*Injury to Minor Servant—Loss of Services—Action Maintainable by Father—Mining Statute.* A father may maintain an action, under the provisions of section 4992 of the General Statutes of 1909, to recover for the loss of services resulting from injuries received by his minor son by reason of the failure of defendant to comply with the statute which provides for the safety of persons employed in coal mines (Gen. Stat. 1909, § 4987).

4. APPEAL AND ERROR—*Newly Discovered Evidence—New Trial.* On the facts stated in the opinion it is held that it was error not to grant a new trial on the ground of newly discovered evidence.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed July 8, 1916. Reversed.

*W. W. Brown, James W. Reid,* both of Parsons, and *D. H. Woolley,* of Girard, for the appellant.

*C. A. McNeill,* of Columbus, and *C. S. Denison,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action in the district court was to recover for the loss of services and earnings of plaintiff's son, a minor, eighteen years of age, who was injured while in the employ of the defendant, and also for doctor's bills, which the plaintiff alleged he was obliged to pay on account of the injuries to his son. There was a judgment in plaintiff's favor, from which defendant appeals.

In a former action plaintiff's son, Victor Henry, recovered judgment against the defendant for personal injuries resulting from the same accident. (*Henry v. Railway Co.*, 92 Kan. 1017, 142 Pac. 972.) In the petition in the present case it was alleged that the plaintiff's son, while employed in a coal mine operated by the defendant, was injured by the fall of a rock from the roof of the room in which he was at work, and that his injuries were caused solely by the willful failure of the defendant to provide him with sufficient prop timber of suitable length and size, in direct violation of the statute. (Gen. Stat. 1909, § 4680.)

At the trial plaintiff offered no evidence to show that his son had been in the employ of defendant or to prove any of the circumstances of the alleged injury, or to show that defendant had omitted to perform any statutory duty imposed upon it; but merely introduced the pleadings, verdict, findings of fact and the judgment rendered in the former action brought in behalf of the son. The only evidence, aside from this, was offered to show the value of the minor's services, and the time he was incapacitated for work on account of his injuries, and to prove that plaintiff had paid certain bills for medical services. The defendant's demurrer to the evidence was overruled.

1. The first question for determination is whether the former judgment in favor of the son adjudicated the fact that he was in the employ of the defendant at the time of his injury and was injured as a result of the failure of the defendant to comply with the mining statute. The plaintiff insists that the former judgment is *res judicata* as to these matters because it was brought for the son by the father, as next friend, and attention is called to section 31 of the code, which provides that the guardian, or next friend, shall be liable for the costs of the action. It is argued that as a guardian or next friend may become a judgment debtor of the defendant, liable under execution for the collection of a judgment for costs, the statute regards him as a necessary party, and therefore all issues determined therein are *res judicata* as between the guardian or next friend and the defendant. If this is true it would seem to follow that if a father and son were both injured by the same act of negligence, and two actions were brought, one

by· the father to recover for his own injuries, and one for the son by his father as guardian or next friend to recover for the son's personal injuries, a judgment in favor of defendant on the first case tried would be a bar to the other action. There must be not only identity in subject-matter, cause of action and parties, but also in the quality of the person for or against whom the claim is made. All others are strangers to the litigation. The plaintiff here is not suing in the same capacity as was the plaintiff in the former action. There the son was the real plaintiff, the father a mere nominal plaintiff. Persons who are mere nominal and not real parties are not bound. Thus, what is known as a "use plaintiff," that is, where suit is prosecuted by one person for the use of another, it is the latter alone who is bound by the judgment. (23 Cyc. 1242.)

In case of injury to a minor two causes of action arise: one in favor of the infant for his personal injuries, and one in favor of the parent for loss of services. A party is bound by a judgment only in the same capacity in which he was a party to it. Thus in 23 Cyc. 1243, it is said:

"Hence a party is not bound by a former judgment where he sued or defended in the one action in his individual capacity and in the other in the character of a guardian or next friend, or as an executor or administrator, as a trustee for others . . . unless in any of these instances he was made a party to the first action in both capacities, or the scope of the litigation was such that all his rights or interests, held in any of his capacities, were before the court and involved in its decision."

Since the plaintiffs in the two actions are not the same, did not sue in the same quality or capacity, there is no identity of person, and it was error to admit in evidence the record of the former trial.

2. Another question is whether a father can avail himself of the mining statute to recover for the loss of the services of an infant son. In *Gibson v. Packing Box Co.*, 85 Kan. 346, 116 Pac. 502, it was held that the factory act gives the father no rights other than those he possessed at common law, and that only the minor himself can recover for such injury. (See, also, *Howell v. Cement Co.*, 86 Kan. 450, 121 Pac. 346.) There is, however, a difference in the provisions of the factory act and those of the mining statute. The provisions in the factory act giving a right of action for injury read as follows:

"If any person employed or laboring in any manufacturing establishment shall be killed or injured in any case wherein the absence of any of the safeguards or precautions required by the act shall directly contribute to such death or injury, the personal representative of the person so killed, or the person himself, in the case of injury only, may maintain an action against the person owning or operating such manufacturing establishment for the recovery of all proper damages." (Gen. Stat. 1909, § 4680.)

The statute providing a right of action for injury arising from a violation of the mining statute reads:

"For any injury to person or property occasioned by any violation of this act, or any willful failure to comply with its provisions by any owner, lessee or operator of any coal mine or opening, a right of action against the party at default shall accrue to the party injured for the direct damage sustained thereby." (Gen. Stat. 1909, § 4992.)

Just what the purpose of the legislature was in using the phrase "for the direct damage sustained," is not at all clear; for if these words had been omitted entirely the act would have given a cause of action for any injury of which a violation of the act was the proximate cause. In our opinion the words "for the direct damage sustained" are mere surplusage. We think the act must be given a broader scope and effect than the narrow and restricted words employed in the factory act, and therefore that a right of action was given to any person to recover for an injury to person or property where the failure to comply with the statute is the proximate cause of the injury, and that the father may maintain this action.

The title of chapter 117 of the Laws of 1883, of which section 4992, *supra*, is a part, and which reads "An act to provide for the health and safety of persons employed in and about the coal mines of Kansas, and providing for the inspection of the same," is broad enough to embrace provisions of a punitive character, including the giving of a right of action for its violation, and therefore the contention that section 4992 of the General Statutes of 1909 conflicts with section 16 of article 2 of the constitution can not be sustained. (*Rural School District v. Davis*, 96 Kan. 647, 152 Pac. 666, and cases cited in the opinion.)

In his petition plaintiff had alleged that he had incurred doctors' bills in the sum of $150 for treating his son. After

the case was called for trial he amended his petition and alleged that he had paid the doctors' bills amounting to the sum of $150; and on the trial he testified that Dr. E. L. Parmenter, who was the local surgeon of the defendant company, charged him $150 for services and that he paid the doctor $95. The jury allowed him $100 damages for doctors' bills, including that of Dr. Parmenter. At the hearing of the motion for a new trial the affidavit of Dr. Parmenter was presented showing that he had removed to Wisconsin, that he treated the plaintiff's son for the injuries complained of until the son had recovered, and that on the 6th day of March, 1914, he was paid by the railway company, through its claim department, the sum of $125 in full payment, and that at no time did he ever receive any money from the father or the son on account of such services. There was also introduced the voucher of the railway company showing that Dr. Parmenter's claim had passed through all of the departments of the railway company, had been approved and paid by a draft, which was introduced in evidence. The affidavit of an attorney for the defendant was also offered, showing that he did not learn of the fact that the bill had been paid until the trial of the cause had begun, and the defendant was not in position to prove the payment at the trial. Under the circumstances, it was error for the trial court to refuse to grant a new trial. (*The State v. Tyson,* 56 Kan. 686, 44 Pac. 609; *The State v. Keleher,* 74 Kan. 631, 87 Pac. 738; *Dent v. Simpson,* 81 Kan. 217, 105 Pac. 542; *The State v. Mounkes,* 91 Kan. 653, 138 Pac. 410.)

The judgment is reversed and the cause remanded for further proceedings.