269 Kan. 554 (2000)
8 P.3d 756
TOMMY BETZ and TOMMY BETZ d/b/a WEST RIDGE HOLDING COMPANY, Appellant,
v.
FARM BUREAU MUTUAL INSURANCE AGENCY OF KANSAS, INC., KFB INSURANCE CO., INC., STATE FARM MUTUAL INSURANCE CO., and CHRISTOPHER D. CLAPHAM, Appellees.
No. 81,168.
Supreme Court of Kansas.
Opinion filed July 14, 2000.
Todd R. Stramel, of Glassman, Bird & Braun, L.L.P., of Hays, argued the cause, and John T. Bird, of the same firm, was with him on the briefs for appellant.
Donald F. Hoffman, of Dreiling, Bieker & Hoffman, of Hays, argued the cause and was on the brief for appellees Farm Bureau Mutual Insurance Agency of Kansas, Inc., and KFB Insurance Company, Inc.
Harry M. Bleeker, of Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., of Great Bend, argued the cause, and Mark A. Rondeau, of the same firm, was with him on the brief for appellees State Farm Mutual Insurance Company and Christopher D. Clapham.
The opinion of the court was delivered by
ABBOTT, J.:
This cause of action arises out of an automobile accident. The plaintiff/appellant Tommy Betz is the father of Jennifer L. Betz, a minor. Jennifer was a passenger in an automobile driven by Christopher D. Clapham. Jennifer was thrown from the automobile, receiving extensive injuries, including at least partial *555 paralysis. State Farm Mutual Insurance Company (State Farm) had the primary insurance on the Clapham vehicle. Farm Bureau Mutual Insurance Agency of Kansas, Inc. (Farm Bureau) had the underinsured insurance coverage. Betz, as the father, natural guardian, and next friend of Jennifer, entered into a settlement agreement with Clapham's insurance companies. A friendly suit was filed in the District Court of Ellis County, Kansas. The court approved the parties' settlement of all of Jennifer's claims which provided $100,000 to cover personal expenses and her pain and suffering, plus a waiver of reimbursement of all previously paid personal injury protection (PIP) benefits.
Betz later filed suit in the District Court of Ness County, Kansas, against the two insurance companies and Clapham for Clapham's negligence. The petition is not as clear as it might have been, but it was ultimately concluded on the theory that Betz was seeking to recover medical expenses and loss of consortium for his daughter's injuries.
Numerous answers were made to the petition, including one by Clapham claiming Betz' claim is barred by accord and satisfaction, release, settlement, waiver, and estoppel. The district court granted the defendants' motions to dismiss with prejudice against Betz, and Betz appealed to the Court of Appeals.
It was Betz' contention that the friendly suit was solely in his representative capacity as court-appointed guardian and conservator, father, and next friend, that he participated in the friendly settlement in that capacity, and that he still retained his own personal cause of action against the tortfeasor and the insurance carriers.
The Court of Appeals held that State Farm, as the negligent driver's insurer, may not be made an original party to a lawsuit against its insured. That issue is not before us.
The Court of Appeals further held in pertinent part:
"The remaining issue is whether an individual who brings an action on behalf of a minor as guardian and next friend is barred from maintaining a subsequent cause of action in his or her individual capacity against the same defendants, arising out of the same facts. A parent suing for consequential damages resulting to himself or herself from a negligent injury to a minor child is not bound by a *556 judgment rendered in a prior action brought by the child, even if the parent, as guardian or next friend, actually instituted the child's action. See 59 Am. Jur.2d Parent and Child § 110 (1987). Further, where a person brings an action in his or her individual right, a judgment rendered for him or her in a representative capacity in a subsequent action is not operative under the doctrine of res judicata. See 47 Am. Jur.2d Judgments § 655 (1995). However, a parent can waive his or her right to recover for damages properly belonging to the parent, [for example] medical expenses, if these damages are awarded in the child's action. See Bolkhir v. N.C. State Univ., 321 N.C. 706, 713, 365 S.E.2d 898 (1988); 59 Am. Jur.2d Parent and Child § 109 (1987).
"The issue before us then becomes whether `waiver of reimbursement of PIP [personal injury protection] benefits previously paid by State Farm Insurance and Farm Bureau Insurance,' as was awarded this plaintiff's minor daughter in her action, constitutes an award of medical expenses which caused the plaintiff to have waived his right to recover for medical expenses.
"K.S.A. 1998 Supp. 40-3103(q) defines `personal injury protection benefits' as the disability benefits, funeral benefits, medical benefits, rehabilitation benefits... required to be provided in motor vehicle liability insurance policies....' Medical benefits are defined as `allowances for all reasonable expenses... for necessary health care rendered by practitioners ..., surgical, x-ray and dental services, including prosthetic devices and necessary ambulance, hospital and nursing services.' K.S.A. 1998 Supp. 40-3103(k).
"We conclude the payment of PIP benefits encompassed the injured minor's medical expenses and the award in the minor's action caused plaintiff to waive his claim for medical expenses."
We granted review.
Although the Court of Appeals' opinion states that Betz made claims for medical expenses, loss of consortium, loss of services, and necessity expenses, the petition filed by Betz in the present case does not so indicate. The only claims made in his petition appear to be claims for medical expenses and necessities. There is no language in the petition to indicate that Betz made any claim whatsoever for loss of consortium or loss of services. The issues of loss of consortium and loss of services were not properly before the Court of Appeals and that portion of the opinion is therefore vacated.
The Court of Appeals' reasoning for affirming the district court in part on the "medical expenses" issue was based upon the fact that the settlement agreement contained a provision waiving reimbursement of any PIP benefits already paid by the insurers. The *557 journal entry concerning the settlement hearing reads in pertinent part:
"The Court, after examining the pleadings filed herein, listening to the statements of the respective counsel for the respective parties and to the testimony of the father and of said minor child and having observed the minor plaintiff's condition and after being fully advised of the plaintiff's condition by all persons concerned, finds that the settlement entered into between the defendants and the minor plaintiff, by and through his natural parent, where the defendants have offered to pay unto the plaintiff and the plaintiff has agreed, through her natural parent, to accept in full satisfaction of all damages sustained by her, as the result of the alleged accident as set forth in plaintiff's Petition, a settlement which provides as follows:
(1) $100,000 cash for personal expenses and pain and suffering;
(2) Waiver of reimbursement of PIP benefits previously paid by State Farm Insurance and Farm Bureau Insurance;

by the defendants is a fair, just and equitable settlement of the controversy between the minor plaintiff and the defendants of all the injuries and damages sustained by the minor plaintiff by reason of the alleged accident set forth in plaintiff's Petition, and that judgment should be entered in favor of the minor plaintiff and against the defendants accordingly." (Emphasis added.)
The Court of Appeals referenced K.S.A. 40-3103(q), which defines PIP benefits to include medical benefits. As the medical benefits were included in the settlement, the Court of Appeals held that Betz had no independent surviving cause of action for any medical expense claims.

I. BRINGING SUIT IN A REPRESENTATIVE CAPACITY
Betz correctly argues that he is not barred from bringing suit in his own name after previously bringing suit against the same defendants on behalf of his daughter. When a person files suit in a representative capacity, the doctrine of res judicata does not prevent them from bringing suit in their individual capacity at a later date. 47 Am. Jur.2d. Judgments § 655. See also Restatement (Second) of Judgments § 36 (1982) (a party in an action in one capacity is not bound by or entitled to the benefits or rules of res judicata in a subsequent action in which he appears in another capacity).
"The parent-child relationship is traditionally excluded from privity notions for res judicata purposes. Thus, children are not bound or concluded by judgments for or against their parents, where they have separate rights or interests, but only *558 where they claim from, through, or under, their parents, or where they are represented in the litigation by their parents or other persons, or where they are adults and have been active in promoting the litigation instituted by their parents. A judgment concerning a minor child is not binding on the parent who is not a party to the proceeding in which it is rendered." 50 C.J.S. Judgments § 876.
A parent who sues for consequential damages for harm to themselves resulting from a negligent injury to their minor child is not bound by a judgment rendered in a previous suit where the child brought an action for injury by and through their parent as a representative party. The fact that the parent initiated the suit does not affect the parent's ability to subsequently bring suit on his or her own behalf. 59 Am. Jur.2d Parent and Child § 110. A parent's cause of action against a tortfeasor for his or her own derivative injuries is separate and independent of any cause of action an injured child might have when the child brings the action by and through his or her parent. 43 C.J.S., Infants, § 218; 67A C.J.S., Parent & Child § 138.
Generally, courts have concluded that when a parent brings suit on behalf of the parent's minor child, the parent does not relinquish any rights he or she may have and may, thereafter, bring suit in his or her own name against the same defendants for the same injuries as long as the parent does not waive the right to collect specific types of damages which uniquely belong to the parent.
In Henry v. Railway Co., 98 Kan. 567, 158 Pac. 857 (1916), the plaintiff brought suit against the defendant for injuries to his minor son. The son had previously brought suit by and through his father against the same defendant arising from the same accident which resulted in a judgment in his favor. The father argued that the principle of res judicata applied and that he should be able to apply the judgment in the previous suit to the second suit brought by him individually. The Henry court disagreed and stated:
"There must be not only identity in subject-matter, cause of action and parties, but also in the quality of the person for or against whom the claim is made. All others are strangers to the litigation. The plaintiff here is not suing in the same capacity as was the plaintiff in the former action. There the son was the real plaintiff, the father a mere nominal plaintiff. Persons who are mere nominal and not real parties are not bound. Thus, what is known as a `use plaintiff,' that is, *559 where suit is prosecuted by one person for the use of another, it is the latter alone who is bound by the judgment. [Citation omitted].
"In case of injury to a minor two causes of action arise: one in favor of the infant for his personal injuries, and one in favor of the parent for loss of services. A party is bound by a judgment only in the same capacity in which he was a party to it." (Emphasis added.) 98 Kan. at 569.
See also Balandran v. Compton, 141 Kan. 321, 322, 41 P.2d 720 (1935) (judgment in prior proceeding brought by father on behalf of son did not bar subsequent action brought by father even though both suits arose from the same incident).
In the present case, however, the question is whether Betz can bring an individual suit seeking damages for medical expenses and necessities after he had initiated a suit on his daughter's behalf and reached a settlement covering the same damages.

II. BETZ' CLAIM FOR MEDICAL EXPENSES
Generally, the right to seek medical expense damages for an injured child belongs to the parent. Wilson v. Knight, 26 Kan. App. 2d 226, 233, 982 P.2d 400 (1999). See also Cabaniss v. Cook, 353 So.2d 784, 785-86 (Ala. 1977) (noting that the father has the right to seek compensation for medical expenses and other expenses incurred when treating a minor child's injuries); Lasselle v. Special Products Co., 106 Idaho 170, 173, 677 P.2d 483 (1983) (noting that the general rule is that the right to seek medical expenses lies with the parents of an injured minor); Lane v. Webb, 220 So.2d 281, 285 (Miss. 1969) (medical and hospital expenses of a minor are the responsibility of the parents, thereby giving the right to seek damages for medical expenses to the parents of the minor); and Bagyi v. Miller, 3 Ohio App.2d 371, 373, 210 N.E.2d 887 (1965) (noting that the right to seek damages for medical expenses and treatment of injuries belongs to the parents of a minor).
The parents' cause of action for medical expenses can be shifted to the minor if: (1) the minor child has paid or agreed to pay the expenses; (2) the minor child is legally responsible for payment (emancipation, death or incompetency of the parents); (3) if the parents waive or assign their right to recovery in favor of the minor; or (4) when recovery of expenses is permitted by statute. Wilson, *560 26 Kan. App.2d at 234 (referring to Moses v. Akers, 203 Va. 130, 132, 122 S.E.2d 864 [1961]). In the present case, we are dealing with a "waiver" of the right to seek damages for medical expenses. A waiver will be considered sufficient if it protects the defendant against the danger of double recovery. Villa Ex. Rel. Villa v. Roberts, 80 F. Supp.2d 1229, 1233 (D. Kan. 2000). The waiver can either be expressed formally or implied. Lasselle, 106 Idaho at 174.
This court addressed the "waiver" and "relinquishment" issue in Abeles v. Bransfield, 19 Kan. 16 (1877). In Abeles, the court considered whether a suit brought in a child's name by and through the child's parent could assert a claim for medical expenses when the common law had held that claims for medical expenses belong to the responsible parent and not the child. The Abeles court held that a parent's claim for medical expenses can be shifted to the minor child and stated:
"As she commenced this action in her son's name, as his next friend, and set forth in the petition said loss of time and said expenses as part of her son's damages, and asked judgment in favor of her son for such damages, it must now be conclusively presumed that she relinquished and gave to her son all claim that she might have had for compensation for such loss of time and such expenses." 19 Kan. at 20.
In Cabaniss, the Alabama Supreme Court considered whether a suit brought by a minor by and through their father allowed the minor to seek damages for medical expenses. Neither the father nor the mother had filed an individual suit seeking medical expenses; however, the district court had allowed the minor's petition to be amended to make a claim for medical expenses. Although the court noted that the right to seek medical expenses normally belongs to the parent of a minor, the right to seek medical expense damages may be waived when suit is brought by the minor by and through the parent. The Alabama Supreme Court held that because the father had brought suit on behalf of his daughter and had specifically sought medical damages by amending the petition, the father had waived his right to seek medical damages and shifted the cause of action to his son. 353 So.2d at 786-87.
The Missouri Supreme Court addressed this issue in Garrison v. Ryno, 328 S.W.2d 557 (Mo. 1959). In Garrison, the injured *561 minor child brought suit against the defendant by and through his mother. A jury reached a verdict in favor of the minor child in the amount of $50,000. On appeal, the plaintiffs argued that the trial court erred in amending the petition to allege medical expenses as a type of damage sought by the minor child. The plaintiffs asserted that the medical damage claim was uniquely theirs and that the minor child could not assert such a claim on his own. Presumably, the parents hoped to file a suit of their own alleging medical expenses as an independent claim. The Missouri Supreme Court held that the parents had waived their right to litigate the medical expense issue individually and stated:
"It is basic that an injury to a minor gives rise to two causes of action, as appellants contend; that `the damages peculiar to one of these causes of action cannot properly be recovered in an action based on the other in the absence of any waiver or estoppel,' [Citation omitted] and that a parent is not bound by a judgment in his child's action merely because he acted as next friend, guardian ad litem, or guardian, `except where he has permitted the child to recover or litigate the right to damages which would otherwise belong to the parent.' [Citation omitted.] But where there has been a waiver or estoppel by the parent, the child may recover these items of damage in his own separate action. Such waiver or estoppel occurs when a parent, acting as next friend, guardian ad litem or guardian and curator of the minor child, voluntarily and affirmatively waives his rights, or with full knowledge of the contents of the pleadings and in full control of the prosecution of the minor's claims, stands by without objection and permits such a claim to be pressed for the minor and consents that the minor recover items of damage which otherwise belong to the parent." 328 S.W.2d at 564.
See also G. O. Brown v. Seaboard Air Line Railroad Co., 91 Ga. App. 35, 36-37, 84 S.E.2d 707 (1954) (noting that parents normally have the vested right to seek compensation for medical expenses when their minor child is injured by another but that the right may "vest" in the child when the parents file suit on the child's behalf and take an active role in the litigation); Lasselle, 106 Idaho at 174 (holding that parents waived the right to seek medical expenses where they testified on their son's behalf, thereby entitling their son to file suit for his medical expenses); Smith v. Geoghegan and Mathis, 333 S.W.2d 254 (Kent. Ct. App. 1960) (holding that parents waive their claim to medical expenses when suit is brought by their minor child by and through the parents and when parents *562 have actual knowledge of the "character and extent" of the damages sought by the minor child); Kentucky Service Co. v. Miracle, 246 Ky. 797, 800, 56 S.W.2d 521 (1933) (noting that parents hold the right to seek medical expense damages, but the right may be waived and shifted to their injured minor child when they have brought suit in the child's name and appeared as witnesses on the child's behalf); Lane, 220 So.2d at 285 (holding that where parent brings suit in the name of his or her minor child, the parent shifts his or her right to seek damages for medical expenses to the child and is thereafter estopped from bringing an individual suit seeking the same); Thompson v. Lassiter, 246 N.C. 34, 39-40, 97 S.E.2d 492 (1957) (holding that when a parent files suit on behalf of an injured minor child seeking medical expenses as a type of damage, the parent waives the right to seek medical expenses individually and is estopped from doing so in subsequent litigation); and Hazeltine v. Johnson, 92 F.2d 866, 869 (9th Cir. 1937) (holding that although parents normally have the right to seek medical expenses for an injured minor child, the "great weight of authority" of courts have held that parents "waive" or "relinquish" the right to seek medical expense damages when they bring suit on behalf of their minor child).
In the present case, Betz brought the action on behalf of his daughter seeking compensation for her injuries. Betz took an active role in the litigation and testified before the court concerning the settlement. Although the original petition filed on Betz' daughter's behalf did not specifically request damages for medical expenses, the settlement specifically noted that it encompassed a waiver of PIP reimbursement, which Betz agreed to. Betz testified at the settlement hearing and was fully aware that the settlement encompassed the PIP waiver. In this case, Betz waived his individual right to seek medical expenses and shifted them to his minor daughter when he approved the settlement in his daughter's case. Betz may not now seek medical expenses because he no longer holds a cause of action for medical expenses, which was extinguished upon settlement of his daughter's case.
We affirm the judgment of the Court of Appeals dismissing Betz' claim for medical expenses but vacate the portion of the Court of *563 Appeals' opinion concerning Betz' causes of action for loss of consortium and loss of services. We affirm judgment of the district court dismissing Betz' case.