THE CITY OF WILSON v. JOHN HERINK.

No. 12,905.   (68 Pac. 72.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—"*Hurrel Law*" *Upheld*—*City Ordinances.* Section 7 of chapter 232, Laws of 1901 (Gen. Stat. 1901, § 2499), which confers authority on cities to prohibit by ordinance unlawful sales of intoxicating liquors, to suppress nuisances defined in another section of the law, and to provide by ordinance for the search of premises where such nuisances are alleged to exist, and the seizure and destruction of intoxicating liquors, bottles, glasses, bars, etc., used in maintaining the same, is not open to the objection that the subject of the section is not clearly expressed in the title of the act, as required by section 16 of article 2 of the constitution.

Appeal from Ellsworth district court; R. F. THOMPSON, judge.   Opinion filed March 8, 1902.   Affirmed.

*C. J. Evans*, and *J. D. Lafferty*, for appellant.

*Ira E. Lloyd*, for appellee.

The opinion of the court was delivered by

SMITH, J. : The question involved in this case is whether the title of chapter 232 of the Laws of 1901 (Gen. Stat. 1901, §§ 2493–2500), commonly called the

"Hurrel law," is sufficiently expressive of the subject legislated upon in section 7 of the law. Section 7 grants authority to cities to prohibit by ordinance illegal sales of intoxicating liquors, to suppress common nuisances defined in other sections of the act, to provide by ordinance for the search of the premises where such nuisances are alleged to exist, and the seizure and destruction of all intoxicating liquors, bottles, glasses, bars, etc., used in maintaining the same. The title of chapter 232 reads :

"An act relating to the sale of intoxicating liquors and the suppression of places where such liquors are sold or used or kept for sale or use contrary to law."

All the provisions of the law except sections 7 and 8 relate solely to prosecutions instituted by the state.

The claim is made by counsel for appellant that the power conferred in the act upon cities of the first, second and third classes to prohibit unlawful sales of intoxicating liquors and to suppress nuisances is not indicated in the title of the law, as directed by section 16 of article 2 of the constitution, which reads : "No bill shall contain more than one subject, which shall be clearly expressed in the title," etc.

The question raised is not new to this court. In *Werner v. Edmiston*, 24 Kan. 147, it was held that, under a law entitled "To restrain dramshops and taverns, and to regulate the sale of intoxicating liquors," a section providing that any one causing intoxication of another should be compelled to pay for his care while so intoxicated, and that every person who was injured in his property or means of support by an intoxicated person in consequence of intoxication might recover therefor of the person causing the same, came fairly within the scope of the title.

In an able discussion of the question, found in *Philpin v. McCarty, Supt., &c.*, 24 Kan. 393, the court, through Mr. Justice Brewer, laid down the rule that the constitutional requirement is not to be enforced in any narrow or technical spirit, and quoting from *The State of Iowa, ex rel. Weir, v. The County Judge of Davis County*, 2 Iowa, 280–282, says : "'The intent of this provision of the constitution was to prevent the union in the same act of incongruous matter, and of objects having no connection, no relation.'" And again, from Cooley on Constitutional Limitations, as follows : "'There has been a general disposition to construe the constitutional provision liberally, rather than to embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it has been adopted.'"

In the case of *In re Pinkney, Petitioner*, 47 Kan. 89, 27 Pac. 179, a law entitled "An act to declare unlawful trusts and combinations in restraint of trade and products, and to provide penalties therefor," was held to be sufficiently comprehensive to justify the inclusion of a section in the act to prevent combinations from controlling the cost or rate of insurance. Mr. Justice Johnston, in discussing the question, collected all of the decisions in this state up to that time bearing upon the point. It was said in this opinion :

"Another rule recognized and followed by all courts in determining the validity of legislative enactments is, that they will not be declared void if they can be upheld upon any reasonable grounds. If their invalidity is a matter of any reasonable doubt, the doubt must be resolved in favor of the act."

The same principle was enunciated by this court through Chief Justice Horton in *Comm'rs of Cherokee*

*County v. The State, ex rel.*, 36 Kan. 337–339, 13 Pac. 558, where it was said:

"We are not to declare an act of the legislature unconstitutional unless the reasons against its unconstitutionality at least preponderate over the reasons in favor of its validity. If the reasons are equally balanced, we should declare in favor of the validity of the act. It is generally said that before an act of the legislature can be declared unconstitutional, its unconstitutionality must clearly appear."

It will be noted that the title of the law under consideration is "An act *relating* to the sale of intoxicating liquors." Can it be said that section 7 does not *relate* to such sales? If the section did not have relation to, or connection with, the subject of illegal sales of intoxicating liquors, then the constitutional directions above quoted would have been violated. It in fact relates to no other subject than that of the prohibition of the sale of intoxicating liquors contrary to law, and the suppression of nuisances resulting from the keeping of places where such liquors are kept and sold as a beverage. If this section had relation to the suppression of gambling, or of any other act declared to be unlawful, having no reference to the sale of intoxicating liquors, it would be open to the objection urged against it by counsel for the appellant.

The fact that cities of the first, second and third classes are authorized by the section attacked to pass ordinances prohibiting unlawful sales of intoxicating liquors, does not make such section any less a provision which relates to the sale of intoxicants. Power conferred on cities to prohibit sales of liquor is a means employed by the state to accomplish the suppression of such traffic. Cities are creatures of the legislature and, in the suppression of unlawful liquor

selling, which it has been the policy of the state to interdict for more than twenty years, such cities are mere agents of the state. See *The State v. Atkin*, ante, p. 174, 67 Pac. 519. Section 7 relates clearly to the sale of such liquors and its provisions are germane to the general language of the title. No person would be surprised, startled or misled by finding the matter contained in section 7 under the title which the act bears. The chapter under discussion deals with the same subject throughout its different sections.

It is not necessary, in order to satisfy the constitutional requirement above referred to, that the title of a legislative act should express an abstract or catalogue of its contents. It is sufficient that the general purposes of the act be declared, the details provided for the accomplishment of that purpose being mere incidents. In *Lynch v. Chase*, 55 Kan. 367–376, 40 Pac. 666, 668, it was said:

"It is not necessary that the title should be an abstract of the entire act, but it is deemed to be sufficient if the title fairly indicates, though in general terms, its scope and purposes. Everything connected with the main purpose and reasonably adapted to secure the objects indicated by the title may be embraced in the act without violating the constitutional inhibition."

The judgment of the court below will be affirmed.

CUNNINGHAM, GREENE, JJ., concurring.