SCHOOL DISTRICT No. 3 OF ATCHISON COUNTY, KANSAS, v. JOHN ATZENWEILER.

No. 13,300. (73 Pac. 927.)

SYLLABUS BY THE COURT.

1. SCHOOLS AND SCHOOL DISTRICTS—*Act of 1899 Valid.* Section 12 of chapter 177, Laws of 1899, which imposed a liability on a school district to a parent of pupils residing more than three miles from the schoolhouse, for their carriage thereto and return, was a valid enactment. The act did not contain more than one subject, within the meaning of section 16, article 2, of the constitution.

2. ———— *Public Funds Not Diverted.* The law referred to in the foregoing paragraph was not invalid for the reason that it allowed public funds to be diverted to private use.

Error from Atchison district court; W. T. BLAND, judge. Opinion filed October 10, 1903. Affirmed.

*Jackson & Jackson,* for plaintiff in error.

*C. S. Hull,* for defendant in error.

39—67 KAN.

The opinion of the court was delivered by

Smith, J.: Defendant in error, who was plaintiff in the court below, recovered a judgment against the school district for services rendered in conveying his three minor children to and from the schoolhouse. The action was based on the liability imposed on the district by section 12, chapter 177, Laws of 1899. The services were performed before said act was repealed by chapter 307, Laws of 1901 (Gen. Stat. 1901, §§ 6116–6158). The school district complains that the legislative act allowing the recovery is void, being in violation of section 16, article 2, of the constitution, in that it contains two subjects, one being the reorganization of depopulated school districts, and the other a provision for conveying pupils to school in all the districts of the state; that the law in effect diverts a part of the school funds raised by a general tax on the property in the school district and transfers it to a private individual for his benefit.

It is urged that, because all the sections of the act of 1899 except section 12 relate to the subject of depopulated school districts, section 12 cannot stand. It reads:

"Sec. 12. That in any school district where there are pupils residing three or more miles from the schoolhouse, the school board of such district shall allow to the parent or guardian of such pupils a sum not to exceed fifteen cents per day for not to exceed 100 days in each year, as compensation for conveying such pupils to and from the school; provided, that no such compensation be allowed unless the pupil is actually conveyed to and from the school."

The law is entitled:

"An act relating to partially depopulated school districts, and providing for the disorganization thereof, for the consolidation of schools in certain school dis-

tricts, and for the conveyance of children to schools in certain cases."

It has been frequently held by this court that no narrow or technical rule should be adopted in applying the section of the constitution invoked to defeat the operation of a law. (*Wilson v. Herink*, 64 Kan. 607, 68 Pac. 72.) The whole act has relation to schools only; no other subject is contained in it. The matter covered by section 12 is clearly expressed in the title. In a quotation by Mr. Justice Brewer, found in the case of *Philpin v. McCarty, Supt., &c.*, 24 Kan. 393, 403, it was said: "The intent of this provision of the constitution was to prevent the union, in the same act, of incongruous matters, and of objects having no connection, no relation." We are of the opinion that the subject of legislation expressed in section 12 is assimilated to the other provisions of the act, and is sufficiently germane thereto to justify the inclusion of both under one title.

The next point made against the validity of the act is that, by allowing a parent to be paid out of public funds for conveying his children to school, money collected by taxation is diverted to private and individual use. If it could be said that the sole purpose of education at public expense is to impose a benefit on the person receiving it and those related to him, the argument of counsel would have some foundation on which to rest. A wider view, however, must be taken of the subject. The common schools of the country, supported by an annual expenditure of millions of money raised by taxation, are not maintained solely to confer advantages on those to whom instruction is imparted, but in the interest of all classes and conditions of the people. The illiterate class (a small minority in this state) profits by a system of general education

because the political rights of all are preserved best where the most intelligence is applied in the selection of representatives to make the laws, and in the choice of executive officers to enforce them.

The influence of free schools on the destinies of a free people is beyond calculation or measurement. The possessor of a liberal education cannot so far confine his knowledge to selfish purposes that the benefits of his learning will not in some degree inure to the good of others.

The judgment of the district court will be affirmed.

All the Justices concurring.