### J. H. BOSARD v. CITY OF GRAND FORKS.

Opinion filed December 19, 1904.

**Cities — Attorney's Compensation — Liability.**

> 1. A city is not liable upon an implied contract to pay the reasonable value of professional services rendered by an attorney other than the city attorney in advising the mayor and aldermen, where his employment has not been authorized or ratified by yea and nay vote of the common council.

Appeal from District Court, Grand Forks county; *Fisk, J.*

Action by J. H. Bosard against the city of Grand Forks. Judgment for plaintiff. Defendant appeals.

Reversed.

*George A. Bangs,* for appellant.

A contract with a city is void, which is entered into without prior provision therefor in the appropriation bill and tax levy. Engstad v. Dinie, 8 N. D. 1, 76 N. W. 292; Roberts v. City of Fargo, 10 N. D. 230, 86 N. W. 726; City of Fargo v. Keeney, 11 N. D. 484, 92 N. W. 836.

The retention of the fruits of the contract does not subject the corporation to liability. Goose River Bank v. School Twp., 1 N. D. 26, 44 N. W. 1002, 26 Am. St. Rep. 605; Tennant v. Crocker, 48 N. W. 577; Blandon v. Philadelphia, 60 Pa. St. 464; Litchfield v. Ballou, 114 U. S. 190, 29 L. Ed. 132.

If the municipality is to be held liable, the statute requiring the contract to be in writing and signed or countersigned by the city auditor should be enforced. City of Blair v. Lantry, 31 N. W. 790; Gutta-Percha & Rubber Mfg. Co. v. Village of Ogalalla, 59 N. W. 513; Durango v. Pennington, 7 Pac. 14; Sullivan v. City of Leadville, 18 Pac. 737; City of Findlay v. Pendleton, 56 N. E. 649; Arnott v. City of Spokane, 33 Pac. 1063; Bryan v. Paige, 51 Tex. 532; 32 Am. Rep. 637; Zottman v. City of San Francisco, 20 Cal. 96, 81 Am. Dec. 96; 1 Dillon on Mun. Corporations, sections 459,

460 and 461; Tiedeman on Mun. Corporations, sections 163, 164 and 165; 15 Am. & Eng. Enc. Law, 1082.

*B. G. Skulason* and *R. H. Bosard,* for respondent.

There is no proof that the work was gratuitous, and on a request for services of such a nature there is an implied promise to pay the value of the services. Grundy v. Pine Hall Coal Co., 9 S. W. 414; Masterson v. Masterson, 15 Atl. 652; Bank of Columbia v. Paterson, 7 Cranch, 299, 3 L. Ed. 351.

The power of protecting the interests of a city by employment of counsel is not denied to the city authorities. Smith v. Mayor of Sacramento, 13 Cal. 531; Wiley v. City of Seattle, 7 Wash. 576, 35 Pac. 415, 38 Am. St. Rep. 905; City of Mound City v. Snoddy, 35 Pac. 1112.

A city may be bound by implied contracts to be deduced by inference from corporate acts, without either vote, deed or writing. Bank of Columbia, 7 Cranch. 299, 3 L. Ed. 351; Bank of United States v. Dandridge, 12 Wheat. 64, 6 L. Ed. 553; Perkins v. Washington Ins. Co., 4 Cow. 645; American Insurance Co. v. Oakley, 9 Paige. 496; Magill v. Kauffman, 4 Serg. & Rawle, 317; Randall v. Van Fechten, 19 Johns. 60.

Unless prohibited by charter, a municipal corporation is liable when a person is employed by one assuming to act for it, and where such services are rendered under the agreement, with the knowledge of the officers, and without notice that the agreement is not recognized as valid and binding. Beers v. Dalles City, 18 Pac. 835; Ward v. Town of Forest Grove, 25 Pac. 1020; San Francisco Gas Co. v. City of San Francisco, 9 Cal. 453; Tyler v. Trustees, 14 Ore. 485, 13 Pac. 329; Pixley v. Western Pac. R. R. Co., 33 Cal. 183, 91 Am. Dec. 623; Cincinnati v. Cameron, 33 Ohio St. 336; Argente v. City of San Francisco, 16 Cal. 256.

ENGERUD, J. Action to recover the reasonable value of professional services which the complaint alleges were performed by the firm of Bosard & Bosard at the request and for the benefit of the city of Grand Forks, and which claim was assigned to plaintiff, who is a member of the firm. The answer denies the performance of any services, and further denies any liability on the part of the city, on the ground that, if any services were rendered pursuant to any request of any of the officers of the city, such employment was void for want of authority in the officers to create any liability

against the city. The defendant moved for a directed verdict, which was denied, and a verdict was returned awarding plaintiff the full amount demanded. Defendant thereupon moved for judgment notwithstanding the verdict, or for a new trial. The motion was denied, and judgment was entered on the verdict. The appeal is from the judgment.

The facts developed on the trial are as follows: Certain persons had applied to the mayor and council of the city of Grand Forks for a franchise to construct and operate a street railway in that city. The city attorney was at the time temporarily absent, and the date of his return was uncertain. The proposed franchise ordinance had passed its first reading, and the applicants for the franchise, as well as the mayor and some of the members of the council, were desirous of final action on the proposed franchise as speedily as possible. The city attorney being still absent, and the time when he would return uncertain, the mayor requested the plaintiff, as senior member of the firm of Bosard & Bosard, to meet with the ordinance committee of the council for the purpose of advising that committee with respect to the proposed franchise, and to suggest and frame proposed amendments thereto, to be submitted to the council for adoption. Pursuant to this request, the plaintiff spent much time and labor in examining precedents, drafting amendments, and advising with the committee. He also appeared before the council, and gave it his opinion and advice in respect to the questions which arose before that body concerning the ordinance. In short, the plaintiff, from the time he was requested to act until the return of the city attorney, acted as the legal adviser of the council in all matters pertaining to the proposed franchise. There was no despute as to the fact that plaintiff did the work he claims, and that his charge therefor is reasonable. The only question is as to the city's liability. It is conceded that there was never any express contract entered into between the city, or any of its representatives, and the plaintiff, and it is also conceded that there was never any formal action taken by the council by resolution or otherwise expressly authorizing or ratifying plaintiff's employment. Respondent, however, contends that the city is liable on an implied contract, because services beneficial to the city were rendered at the request of the mayor, with knowledge of the council, and were by the latter accepted. The only facts relied upon to show acceptance are that the members of the council knew that the plaintiff had been requested by the mayor to act in the place of the city attorney, and also knew, or

ought to have known, that the city was expected to pay the reasonable value of the services; and the members of the council, with this knowledge, availed themselves of plaintiff's professional labor and advice. These facts are insufficient to create any contract, express or implied, on the part of the city to pay for plaintiff's services. The statute governing cities provides that no liability can be created against a city, or any expenditure or appropriation of its funds can be made, unless the proposition to do so is adopted by a yea and nay vote, which vote must be entered on the journal of the proceedings. Rev. Codes 1899, section 2143. There are doubtless cases in which a city may be impliedly liable notwithstanding the failure of its officers to observe the statutory requirements as to the method and form of contracting in its behalf; but this is not such a case. The law of implied municipal liability is clearly stated by Chief Justice Field in the case of Argenti v. San Francisco, 16 Cal. 255, as follows: "The doctrine of implied municipal liability applies to cases where money or other property of a party is received under such circumstances that the general law, independent of contract, imposes the obligation upon the city to do justice with respect to the same. * * * In reference to money or other property it is not difficult to determine in any particular case whether a liability with respect to the same has attached to the city. The money must have gone into her treasury, or been appropriated by her; and when it is property or other than money it must have been used by her or be under her control. But with reference to services rendered the case is different. Their acceptance must be evidenced by ordinance to that effect. If not originally authorized, no liability can attach upon any ground of implied contract. The acceptance, upon which alone the obligation to pay could arise, would be wanting. As a general rule, undoubtedly, the corporation is only liable upon express contracts, authorized by ordinance. The exceptions relate to liabilities from the use of money or other property which does not belong to her, or to liabilities springing from the neglect of duties imposed by the charter, from which injuries to parties are produced. There are limitations even to these exceptions in many instances, as where property or money is received in disregard of positive prohibitions." In the foregoing statement of the law the learned jurist evidently used the term "ordinance" in the broad sense of formal corporate action, and did not intend to convey the idea that in all cases an ordinance in the strict sense was necessary to create a liability. The same question is further discussed by the same judge in Zottman

v. San Francisco, 20 Cal. 96, 81 Am. Dec. 96, where the circumstances were analogous to the case at bar. See, also, 1 Dillon on Municipal Corporations (4th Ed.) · section 459 et seq. However valuable the services of the respondent may have been to the city in this instance, to hold the city liable for them would be to override the law, and to destroy one of the strongest safeguards cast about the expenditure of public funds. It is doubtless true that the professional labor and advice of the plaintiff enabled the mayor and aldermen to frame and enact an ordinance more advantageous to the city than could have been framed without his assistance. In this sense the city has been benefited. But if the city is to be held liable for all legal advice sought and received by its officers on the theory that it has, by reason of such advice, received the benefit of wiser and more intelligent official action, the demands upon the municipal treasury would exceed all bounds.

We refrain from expressing any opinion as to how, and under what circumstances, a city may be made liable in this state for the professional services of a lawyer other than the city attorney. The determination of that question is not necessary to the disposition of this case. We are agreed that under the circumstances of this case no express or implied liability exists.

It is accordingly ordered that the judgment be reversed, and that judgment be entered dismissing the action on the merits. All concur.