Rural School District v. Davis.

No. 20,423.

RURAL HIGH SCHOOL DISTRICT No. 1, of Rush County, by A. L. FARMER, as Director, etc., *Plaintiff*, v. W. E. DAVIS, as Auditor, etc., *Defendant.*

SYLLABUS BY THE COURT.

1. RURAL HIGH SCHOOL DISTRICTS—*Bonds for Building Schoolhouse—Statute Constitutional.* The title to chapter 311 of the Laws of 1915, "An Act relating to the establishment of rural high school districts," etc., is broad enough to include a provision for the issue of bonds to build a schoolhouse, and does not contravene section 16 of article 2 of the state constitution.

2. RURAL HIGH SCHOOL DISTRICT—*A Body Corporate.* A rural high school district organized under chapter 311 of the Laws of 1915 is a body corporate and may maintain an action to compel the state auditor to register its bonds, legally issued.

3. SAME—*District May Issue Bonds under the Statute.* A rural high school district may issue bonds under chapter 311 of the Laws of 1915 and the laws governing school districts.

Original proceeding in mandamus. Opinion filed November 15, 1915. Writ allowed.

*J. E. Andrews,* and *W. H. Russell,* both of La Crosse, for the plaintiff.

*S. M. Brewster,* attorney-general, for the defendant; *James Preston Coleman,* of Topeka, of counsel.

*R. W. Blair, C. A. Magaw,* and *T. M. Lillard,* all of Topeka, as *amici curiæ.*

The opinion of the court was delivered by

MARSHALL, J.: This is an action to compel the state auditor to register bonds issued by a rural high school district under chapter 311 of the Laws of 1915. The auditor resists on these grounds: First, that the act violates section 16 of article 2 of the state constitution. Second, that the plaintiff is not a body corporate and has no authority to maintain this action. Third, that the provisions of the act are so indefinite as to confer no authority to issue bonds.

The title to the act reads:

"An Act relating to the establishment of rural high school districts and repealing chapter 262 of the Session Laws of 1911 and chapter 278

of the Session Laws of 1913 and all other acts and parts of acts in con-flict herewith."

It is contended that the title is not broad enough to include authority to issue bonds, and for that reason it violates section 16 of article 2 of the state constitution. This court has often said, concerning this provision, that no narrow or technical rule should be adopted to defeat the operation of a law, and that it is not necessary that the title be an abstract of the entire act. (*Philpin v. McCarty, Supt., etc.,* 24 Kan. 393; *The State v. Barrett,* 27 Kan. 213; *Mo. Pac. Rly. Co. v. Harrelson,* 44 Kan. 253, 24 Pac. 465; *Blaker v. Hood,* 53 Kan. 499, 511, 36 Pac. 1115; *Lynch v. Chase,* 55 Kan. 367, 40 Pac. 666; *Wilson v. Herink,* 64 Kan. 607, 611, 68 Pac. 72; *School District v. Atzenweiler,* 67 Kan. 609, 611, 73 Pac. 927.) Another principle is: Before an act of the legislature can be declared invalid, it must clearly appear that the act violates some constitutional provision. (*Atchison v. Bartholow,* 4 Kan. 124; *Leavenworth County v. Miller,* 7 Kan. 479, 499; *Beach v. Leahy, Treasurer,* 11 Kan. 23, 28.) Observing these rules, we can not say that the establishment of rural high school districts does not include everything that is necessary to organize such school districts, build schoolhouses, and maintain and operate schools. The title of the act is not misleading. It is broad enough to include authority to vote bonds for the erection of a school building. The act is not unconstitutional.

2. It is urged that the plaintiff is not a body corporate and has no authority to maintain this action. Section 8 of the act in question (Laws 1915, ch. 311) provides that "rural high school districts shall be governed as provided by law for school districts except as provided in this act." This gives to rural high school districts the same authority and places them under the same obligations as school districts, with the exceptions named in the act. Section 7397 of the General Statutes of 1909, a portion of the school law, in part reads:

"Every school district organized in pursuance of this act shall be a body corporate, and shall possess the usual powers of a corporation for public purposes, . . . and . . . may sue and be sued."

Rural high school districts are therefore bodies corporate and have authority to sue and be sued. It follows that the plaintiff can maintain this action.

3. The defendant argues that the provisions of the act are so indefinite as to confer no authority to issue bonds. Section 2 provides that:

"Whenever a petition, signed by two-fifths of the legal electors residing in the territory of the proposed rural high school district, to be determined by an enumeration taken for this purpose, shall be presented to the board of county commissioners of the county in which lies the greatest portion of territory comprising said district, reciting the boundaries of said proposed district and requesting said board of county commissioners to call a special election to vote on establishing and locating a rural high school and to vote bonds for the construction of a high school building, the proposed location and the amount of the bonds proposed to be stated in the petition, it shall be the duty of the board of county commissioners forthwith to call a special election in said proposed district to vote on establishing and locating a rural high school and to vote bonds therefor. All elections held under the provisions of this act shall be governed by the general election laws of the state when not contrary to this act."

This should be construed with the laws governing school districts in all matters concerning issuing bonds, and where this statute does not prescribe rules, we must look to the general school law. There we find laws governing the amount of bonds that may be issued, and all other matters not covered by the law of 1915.

A peremptory writ of mandamus will issue.