No. 21,881.

L. D. CORNELIUS, *Appellant*, v. W. E. ROBSON, *Appellee*.

### SYLLABUS BY THE COURT.

QUO WARRANTO—*Resignation of County Surveyor—No Successor Appointed—Office Vacant.* On May 8, 1917, defendant resigned the office of county surveyor, and the board of county commissioners accepted such resignation and appointed him county engineer. The appointment was not approved by the state highway commission. On receiving advice from the defendant of such resignation the governor commissioned the plaintiff county surveyor, who filed his official bond. *Held,* that under the proviso to section 8 of chapter 264 of the Laws of 1917 the office of county surveyor became vacant, and neither of the parties is entitled thereto.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed July 6, 1918. Affirmed.

*A. B. Keller,* and *C. O. Pingry,* both of Pittsburg, for the appellant.

*C. S. Denison,* and *J. L. Kirkpatrick,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

WEST, J.: Plaintiff sued to oust the defendant from the office of county surveyor, claiming to be entitled thereto himself, and appeals from the judgment of the court finding the office vacant.

On May 8, 1917, the defendant was the county surveyor, and desired to be appointed county engineer under section 8 of chapter 264 of the Laws of 1917, and, as the record of the county board shows, he was appointed county engineer "provided that he 'resign the office of county surveyor on or before the first day of June, 1917," and his resignation as county surveyor, to become effective June 1, 1917, was accepted by the board on the same date. On May 17 he wrote the governor that he had been appointed engineer and that as he had been requested to resign as surveyor the governor was asked to appoint his son, Fred W. Robson, to succeed him. On the same date the son wrote the governor making application for the appointment. The defendant was not confirmed by the highway commission neither was his son appointed county surveyor by the governor. On the 25th day of June the board, apparently having come to the conclusion that the resignation should have been made to the governor and not to itself, ordered that the proceedings of May 8 regarding the resignation of the defendant be annulled. In the meantime, on May 26, the governor had commissioned the plaintiff as county surveyor, and he had filed his official bond.

The court found that the defendant resigned as county surveyor on May 17, 1917, to take effect June 1st; that on May 26 the resignation was accepted by the governor; that on June 1 the office became vacant; and that the purported appointment of Cornelius was without force and effect.

It is claimed by the plaintiff that that part of section 8 providing that in event of vacancy in the office of county surveyor the county commissioners shall appoint the county engineer to fill the vacancy for the unexpired term is void because not within the title of the act; that under section 4355 of the General Statutes of 1915 the resignation should have been accepted and the appointment made by the governor, and not by the county board; that the appointment of the plaintiff was in ac-

cordance with law; and that the letter of the defendant to the governor constituted a resignation.

Chapter 264 of the Laws of 1917 is a comprehensive act of 59 sections, entitled "An Act relating to roads and highways, creating a state highway commission, defining its powers and duties, and providing fines and punishment for the violation hereof," and repealing certain specified sections of the General Statutes of 1915 "and all acts or parts of acts inconsistent or in conflict with this act." One object was to secure the federal aid provided by the act of congress approved July 11, 1916, "in the construction of rural post roads, and for other purposes." Full and detailed provisions are made for the appointment and duties of county engineers, and section 8 requires that the board of county commissioners of each county, within six months after the taking effect of the act, shall appoint a county engineer, one proviso being that—

"in event of vacancy in the office of county surveyor the county commissioners shall appoint the county engineer to fill the vacancy for the unexpired term."

Section 4355 of General Statutes of 1915 provides that "all vacancies in any . . . county office . . . unless otherwise provided for by law, shall be filled by appointment from the governor. . . ."

Considering the title and purpose of chapter 264, it is held that the quoted proviso to section 8 is germane to the subject and fairly comprehended within the scope of the title and vests the appointment in the county board. (*Woodruff v. Baldwin,* 23 Kan. 491; *Lynch v. Chase,* 55 Kan. 367, 40 Pac. 666; *The State v. Everhardy,* 75 Kan. 851, 90 Pac. 276; *Rural School District v. Davis,* 96 Kan. 647, 152 Pac. 666; *Henry v. Railway Co.,* 98 Kan. 567, 570, 158 Pac. 857.)

The same legislature which enacted this chapter plainly expressed its intention to supersede county surveyors by county engineers after the second Monday of January, 1919, by the passage of chapter 145, providing that after that date the county engineer shall perform the duties of county surveyor, save in certain excepted counties. But in this instance the required confirmation by the highway commission was not forthcoming, and hence the appointment was ineffective.

Whether the board or the governor were the proper recipient

and acceptor of such resignation need not be determined, as each attempted to accept, or in fact treated the resignation as accepted, and the trial court correctly concluded that the power to appoint did not rest with the governor.

While there was some discussion between the defendant and members of the board about a conditional resignation, the record sufficiently shows a complete and unconditional resignation which left the office vacant on June 1, which vacancy has not been lawfully filled.

The judgment that the office is vacant is therefore affirmed.