ALFRED EASTGATE, Appellant, v. OSAGO SCHOOL DISTRICT OF NELSON COUNTY, NORTH DAKOTA, a Public Corporation, Respondent.

(171 N. W. 96.)

Schools — compulsory attendance — transportation — school board — duty of — mandatory.

1. Where a statutory law imposes upon school boards the mandatory duty of requiring each child between the ages of six and fifteen years of age to attend the public school for a specified time during each school year, and in that respect imposes a further mandatory duty upon the school board requiring

NOTE.—For authorities discussing the question of duty of public to furnish free transportation to pupils, see note in 37 L.R.A. (N.S.) 1110.

On right to use school moneys for transportation of pupils, see note in 38 L.R.A. (N.S.) 710.

it to provide transportation to the school for all children between the ages of six and fifteen years of age, inclusive, who reside beyond the specified distance as prescribed by law when it becomes the mandatory duty of the school board to provide conveyance for such children to such school, it is the mandatory duty of the school board to ascertain and determine what children within the district reside beyond such specified distance from the school, and convey them to school in accordance with the requirement of the law providing for such transportation.

School board — transportation — neglect to furnish — children — duty to transport — parents or guardian — compensation — school district.

2. Where the school board fails, neglects, or refuses to furnish transportation for children between the ages of six and fifteen years, inclusive, in disregard of the provisions of law which make it their mandatory duty to do so, and where the parent or guardian or one lawfully charged with the custody and care of such children conveys them to the nearest properly equipped school within the district by the nearest public or lawfully traveled route, such service being accepted by the school district, the district is under an implied contractual obligation to compensate therefor.

Opinion filed February 7, 1919.

Appeal from the District Court of Nelson County, North Dakota, Honorable *Chas. M. Cooley,* Judge.

Remanded.

*Flynn & Traynor,* for appellant.

*R. J. Roberts* and *Frich & Kelly,* for respondent.

Trustees of a school district can bind the district only by a corporate meeting held as provided by law, and any attempt upon their part to perform their duties alone, and not in conjunction or jointly, is ineffectual and void. 35 Cyc. 901; School Dist. v. Bennett (Ark.) 13 S. W. 132; Nason v. Directors of Poor (Pa.) 17 Atl. 616; People v. Smith, 149 Ill. 549, 36 N. E. 971; Herrington v. School Twp. 47 Iowa, 11; Mills v. Collins, 67 Iowa, 154, 25 N. W. 109; Kinney v. Howard (Iowa) 110 N. W. 282; Currie v. School District, 35 Minn. 163, 27 N. W. 922; State v. School Dist. 22 Neb. 48, 33 N. W. 480; Keeler v. Frost, 22 Barb. 400; State v. Liberty Twp. 22 Ohio St. 144; Kane v. School Dist. (Kan.) 47 Pac. 561; Blodgett v. Seals (Miss.) 29 So. 852; Terry v. Board of Education, 84 Mo. App. 21; Moore v. Leonard (Tex.) 74 S. W. 324; Honaker v. Board (W. Va.) 32 L.R.A. 413, 24 S. E. 544; State v. Leonard, 3 Tenn. Ch. 177; Short v. Langs-

ton (Ky.) 102 S. W. 236; Byrne & Reed v. Covington (Ky.) 131 S. W. 260; School Dist. v. Fuesso, 98 Pa. 600; Butler v. School Dist. (Pa.) 24 Atl. 308; Rice v. School Dist. (Ark.) 159 S. W. 29; School Dist. v. Castell (Ark.) 150 S. W. 407; School Dist. v. Jackson (Ark.) 161 S. W. 153; Barber v. Hines (Ark.) 185 S. W. 455; Caxton Co. v. School Dist. 120 Wis. 374, 98 N. W. 231.

A ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified, or where an oral authorization would suffice by accepting or retaining the benefits of the act with notice thereof. Laws 1913, Comp. Laws, § 6331; subd. 5, chap. 267; 35 Cyc. p. 964, and cases cited.

Plaintiff's right to claim transportation under the 1913 statute was extinguished by the repeal of same in 1915. Henderson v. State, 58 Ind. 244; Bennet v. Hargus, 1 Neb. 419; Bailey v. Mason, 4 Minn. 546; Van Inwagen v. Chicago, 61 Ill. 31; Wirt v. Board of Supervisors, 35 N. Y. Supp. 887; Butler v. Palmer, 1 Hill, 324; Moor v. Seaton, 31 Ind. 11; Cushman v. Hale, 68 Vt. 444, 35 Atl. 382; Crawford v. Halsted, 20 Gratt. 211.

GRACE, J. Appeal from the district court of Nelson county, North Dakota, Honorable Charles M. Cooley, Judge.

This is an action by the plaintiff to recover the sum of $440 for conveying his children from his home to one of the schools of the district located at the village of Pekin in said district, during the school years of 1912, 1913, 1914, and 1915. The school is alleged to be a distance of 5 miles by the nearest route from the residence of the plaintiff. The plaintiff testifies there was a school 2 miles south of them, which was 3¼ miles by the nearest traveled route.

The answer alleges that there was a school No. 2 in said district which was equipped with necessary furniture, heating apparatus, and other equipment, which is located by the nearest traveled route within 2 miles from the residence of the plaintiff, in which were taught all the subjects required to be taught in an elementary school; that the school in Pekin, which is mentioned in the complaint, is a district high school composed of the entire township of Osago, and is not a consolidated school. The answer further alleges that plaintiff arbitrarily and without cause or necessity and without the knowledge, consent, direc-

tion, or approval of the defendant, except as to those attending high school, conveyed all of his children to and entered them in the Pekin school, and that during all of said time plaintiff well knew that defendant had made ample provision for the accommodation, teaching, and education of his said children who were at and during said time in the elementary grades in the elementary school No. 2. The answer further sets forth the number of days each of the children attended the school at Pekin during the different years hereinbefore referred to.

The questions presented in this appeal are few and simple. They are: 1. In the absence of a specific contract with the school board, may the plaintiff recover for the conveyance of his children to school, it appearing that they reside in a district where there is no consolidated school and at a distance from the school which entitles them to be conveyed thereto? 2. Does the right of such conveyance, under the conditions set forth in question 1, extend beyond the age of fifteen years? 3. To what school should the conveyance, if any, be made? The questions here presented arise under laws enacted for the compulsory attendance at school of children between the ages of six and fifteen, inclusive. It will also appear that during the time mentioned in the complaint, there were three different compulsory educational statutes in force. The first is subdivision 4 of § 232, chapter 263, of the Laws of 1911, the portion thereof which is germane to the issue here presented is as follows:

"If no school is taught the requisite length of time within $2\frac{1}{2}$ miles of the residence of such child by the nearest route, such attendance shall not be enforced except in cases of consolidated schools where transportation may be arranged by the school board; provided that in districts where children live beyond the $2\frac{1}{2}$ mile limit and school facilities are not otherwise provided, the district board *shall* provide transportation for such children to and from school."

Section 232 was amended by the legislature of 1913 to read as follows: "If no school is taught the requisite length of time within $2\frac{1}{2}$ miles of the residence of such child by the nearest route, such attendance shall not be enforced except in cases of consolidated schools where the school board has arranged for the transportation of pupils. In every school district, where consolidated schools have not been established, the school board *shall* arrange a system of zones for the trans-

portation of children to and from school at the expense of the district. Children living within not less than one and one quarter miles nor more than two and one quarter miles from the schoolhouse by the nearest public route shall be in zone number one; children living within not less than two and one quarter miles nor more than three and one quarter miles from the schoolhouse by the nearest public route shall be in zone number two; and children living at a greater distance than three and one quarter miles from the schoolhouse by the nearest public route shall be in zone number three. In providing compensation for transportation, the school board *shall* provide a maximum compensation per family for the first zone, and compensation per family for transportation from zone number two shall be one half greater per family than for zone number one, and compensation per family for zone number three *shall* be twice the compensation per family for zone number one. Provided that when provision has been made for the transportation of pupils by the school board of any district agreeably to the provisions of this chapter, the pupils residing therein shall be amenable to the provisions of law requiring the attendance at school of such pupils." [Chap. 267, subd. 5.]

The same subject was again considered by the legislature in chapter 141 of the Session Laws of 1915, and the following law was enacted: "If no school is taught the requisite length of time within two and one quarter miles of the residence of such child by the nearest route, such attendance shall not be enforced except in cases of consolidated schools where the school board has arranged for the transportation of pupils. In school districts where consolidated schools have not been established, the school board *shall* pay a sum not to exceed 35 cents nor less than 15 cents per day to any one family living more than two and one quarter miles from the nearest school, which *shall* be equitably based upon the number of children attending school from each family; provided that the tender of such daily compensation *shall* be construed as furnishing transportation, and when such tender is made by the school board, the compulsory attendance law shall apply to all children of school age living more than two and one quarter and not to exceed 5 miles from school."

In some of the above laws, the words "nearest route" are used; where so used they are held to mean the nearest public route or one which

has been duly authorized or exists by law. The purpose of each of the above laws is to compel the parent or guardian, etc., to send to school children between the ages of six and fifteen. It does not under-take to compel parents or guardians to send children to school who are past the age of fifteen years. Hence no recovery can be had by the plaintiff for conveying children to school who had passed the age of fifteen years at the time of such conveyance, nor would the school board be warranted, under the present law nor other laws we have cited, in providing for the conveyance of children to school and payment therefor where they are past the age of fifteen years, in a district where there is no consolidated school. The plaintiff cannot recover for conveying any of the children to school who, at the time of such convey-ance, were past fifteen years of age. The defendant, if liable at all, was so only for the conveyance of the children between the ages of six and fifteen. If the plaintiff had a right to have his children up to the age of fifteen conveyed to any school it was the school which was nearest to him; that is, school No. 2. We have now arrived at the solution of the first question. In the absence of a specific contract with the board for the conveyance of his children under the age of fifteen to the nearest school under the circumstances we have men-tioned, it appearing he did convey them, may the plaintiff recover? We are of the opinion that he may, his recovery to be based on the law in force at the time of the conveyance of such children over the age of six and under the age of fifteen years to the nearest school. Each of the above laws, making it the duty of the school board to provide conveyance for children living beyond the specified distance from the nearest school, is mandatory. It is the duty of the board to provide such conveyance. It has no choice in the matter. It is the duty im-posed upon it by the legislature, not only for the good and convenience of such children as come within its provisions, but also for the good of the state to the end that ignorance may be eradicated and the child developed into an intelligent and more useful citizen. With the excep-tion of the Laws of 1911, the rates for transportation are provided for. It is the manifest duty of the school board, under each of said laws, to apprise itself of the number of children entitled to conveyance under any of the provisions of such laws. This is its plain duty. This being true, if it failed to do its duty, the plaintiff, owing a high duty to his

children and the state to educate his children, was justified in conveying them to the proper school, and should be entitled to recover within the limits prescribed by law for such conveyance for all children between the ages of six and fifteen years, such recovery to be had under the law in force at the time of such conveyance. The conveyance should be made to the nearest school, if that school is one where all the elementary branches are taught and is a fit place for the children to attend, that is, if it is reasonably comfortable, provided with reasonably good furniture, and is a place, in all respects, which the children might attend without endangering their health. We think it might be shown that the nearest school was not properly equipped, not properly furnished, heated, nor lighted, and that it would be detrimental and dangerous to the health of the children to send them to such school, and where such showing is properly made by competent testimony and found to be true by the court, the plaintiff would have the right to convey such children to the next nearest school, which was in proper condition, within the district.

It is a well-established rule that school boards act as a unit; that individual members thereof have not the power to contract; that their contracts must be made at regular meetings or at a special meeting called for this specific purpose, etc. With all such rules and decisions we are in full accord. It is also a general rule that where the school board acts upon matters within its discretion and within its jurisdiction, as, for instance, in matters concerning the corporate property, such action being taken at a proper time and place and in the manner provided by law, the action of the school board will not be interfered with. Such matters, however, are entirely different than a total disregard by the board of a mandatory duty imposed upon it by law. In the case at bar, it was its mandatory duty, under the law in force at the time of the conveyance, to provide a conveyance for such children that were between the ages of six and fifteen for attendance at the nearest properly equipped school, and having failed in the performance of its mandatory duty, and the plaintiff, having conveyed his children to school, though not the nearest school, we think the plaintiff is entitled to recover in accordance with the law then in force for the conveyance of his children to the nearest school, unless it be shown by competent testimony that that school was not properly equipped and was not a

fit place for the children to attend; and, in that event, then he to recover in accordance with law then in force for the conveyance of his children between the ages of six and fifteen to the next nearest school, in this case, the school to which he did convey them.

It is true that subdivision 4 of § 232, chapter 263, of the Laws of 1911, and the amendment to the same by the legislature of 1913, which provided for the zone system, are repealed by chapter 141 of the Session Laws of 1915, but they were, however, in force at the time plaintiff conveyed his children, over the age of six and under the age of fifteen years, to school. Their provisions in this regard were mandatory. Under the 1913 Laws, it was the mandatory duty of the school board to determine the zone. Under each of the laws to which we have referred, it was the mandatory duty of the board to furnish conveyance to children between the ages of six and fifteen years residing beyond the described point where it became the mandatory duty of the school board to provide such conveyance. If they failed to execute their mandatory duty as prescribed by law, one living beyond the point where the matter of conveyance became operative, and having children between the ages of six and fifteen years of which he was a parent or guardian, etc., could convey such children to the nearest properly equipped school, both with facilities as to education and health condition, and recover from the defendant for such conveyance within the terms specified in the respective laws to which we have referred.

The case is remanded for further proceedings in harmony with this opinion. Appellant is allowed the statutory costs on appeal.

BIRDZELL, J. (concurring specially). I concur in the conclusion that the judgment in this case should be reversed and a new trial granted for three reasons: First, because the court erred in excluding testimony offered, which, if admitted, would have tended to show that the arrangement for the transportation of the children of the plaintiff was made under the direction of the members of the school board; or, if directed by one of them, it was with the knowledge and consent of all, and that transportation was furnished by the plaintiff under circumstances importing knowledge not only on the part of the directors, but on the part of the individual members of the school corporation itself. Second, because testimony was excluded which would have

shown whether or not other persons in the district were compensated for transporting their children to the school. This testimony would have tended to establish the existence of an informal arrangement with the parents to transport their children. Third, for the reason that, under a proper construction of various sections of the statutes which provide for compulsory education and the conveyance of the pupils to the schools, it is made the duty of parents to send their children to school, and a correlative obligation is imposed upon school districts in certain cases either to provide transportation or to furnish monetary compensation as an equivalent. See §§ 84 and 232 of chapter 266 of the Session Laws of 1911, and, as later amended, §§ 1190, 1342, and 1344 of the Compiled Laws of 1913, and chapters 127 and 141 of the Session Laws of 1915.

The record discloses that the rulings of the trial court were made upon the theory that no recovery could be had in the absence of a formal contract entered into between the plaintiff and the school district, acting through its officers at a meeting. This, of course, is the general rule, according to which the contract liability of school districts and other municipal corporations must be determined, but it does not follow that a school district may not be liable as upon contract for benefits received for which no actual contract has ever been made; or that it may not be liable upon an oral contract actually made or upon an implied contract if shown to exist.

It is a settled law that a contract of a municipal corporation or a quasi municipal corporation need not be in writing unless there is some statute requiring it; also that such corporations may be bound by contracts made by those who are clothed with authority to act for it, such authority being delegated by the officers having power to act for the corporation. See 2 Dill. Mun. Corp. 5th ed. § 784. The law also recognizes and enforces the liability of municipal and quasi municipal corporations upon their implied contracts made within the scope of their powers, to the same extent that they would be liable on express contracts, provided always, however, that in enforcing the liability upon an implied contract no statute or rule of public policy, designed to protect the corporation against unauthorized or improvident acts of its officers or agents, is infringed. 2 Dill. Mun. Corp. 5th ed. § 793; 35 Cyc. § 964.

It has been held that a school district is liable for supplies furnished with the knowledge and consent of the directors and under circumstances which would raise a presumption that they were furnished with the common consent of the district. Andrews v. School Dist. 37 Minn. 96, 33 N. W. 217; Kreatz v. St. Cloud School Dist. 79 Minn. 14, 81 N. W. 533; 35 Cyc. 953. See also on the ratification of unauthorized contracts with teachers by the acceptance of benefits, 35 Cyc. 1085, and authorities cited. It is true that in Bosard v. Grand Forks, 13 N. D. 587, 102 N. W. 164, a distinction was made between the liability of a municipality upon an implied contract for services and a similar contract for material or property received. But, in view of the statutes, particularly § 1342 of the Compiled Laws of 1913, as amended by chapter 141 of the Session Laws of 1915, which clearly makes it the duty of the school board to arrange for the transportation of pupils,— even going to the extent of providing a minimum rate for transportation payable to the parents themselves,—I am of the opinion that the rule stated in the case of Bosard v. Grand Forks, supra, does not apply. There was no statute making it the duty of a committee of the city council to employ counsel, as was done in the Bosard Case, and it further appears that in that case there was a city attorney who was an appointive officer serving upon a salary, whose duty it was to perform the services for which the plaintiff sued. In the instant case the duty not only devolved upon the board to furnish transportation, but the 1915 statute, as stated above, even fixed the rate and provided, as a condition of compulsory attendance, that the amount specified be tendered to the parents. Neither does this case conflict with the case of St. Luke's Hospital Asso. v. Grand Forks County, 8 N. D. 241, 77 N. W. 598, where it was held that a county was not liable to one who voluntarily ministered to a pauper. The nonliability in this case was based upon the absence of a statute giving to the plaintiff the right to relieve the pauper at the expense of the county and upon the absence of any proceeding by officers authorized to give the relief at the expense of the county; while here, the statute (particularly the 1915 statute) runs in favor of the plaintiff, and there was evidence tending to show that the district knowingly accepted the benefits incidental to the discharge of its obligations to supply transportation, and this according to a method recognized by the statute as proper.

It is my opinion that, when a statute makes it the duty of officials of a municipality to perform a certain act in favor of one upon whom a general duty is imposed, such as devolves upon parents under our statute to send their children to school, the discharge of the latter obligation voluntarily does not put the beneficiary in any worse position in the eyes of the law than he would have been had he neglected his legal duty until compelled to perform it. To state the proposition another way,—one who voluntarily performs an obligation which the law imposes upon him is not, by reason of his voluntary act, to be deprived of the measure of compensation which the law itself contemplated shall be paid.

There are, however, some questions that will arise upon a retrial which are not free from difficulty, and the proper solution of them will depend upon the evidence adduced. If it should appear that the board of directors of the defendant school district had never, prior to the 1915 amendment to § 1342, Comp. Laws 1913, established a zone system or arrived at a definite basis for compensating parents for transporting their children to school, it is my opinion that there can be no recovery covering this period, for the reason that the statute left the amount of compensation to the discretion of the board. It is true that it is a discretion which the board could have been compelled to exercise, but if it should appear that it was not exercised, the plaintiff must fail because he did not resort to the remedy he had to compel the directors to exercise that discretion. For transportation supplied by the plaintiff, however, subsequent to the 1915 amendment, he would be entitled, under a proper showing, to at least the minimum rate prescribed in the statute. For an authority construing an analogous statute, see School Dist. v. Atzenweiler, 67 Kan. 609, 73 Pac. 927.

It is not intended to intimate that the sole source of proof that the school board had performed its duty of providing a rate of compensation for transportation is the minutes of the meeting. Any evidence which tends to establish that compensation was made according to some plan, and this, with the knowledge and consent of all the members of the board, may be sufficient to warrant a jury in finding that the directors had fulfilled their obligations in this respect, though not to the plaintiff. The statute does not require any particular formality, but, of course, it contemplates that any action taken shall be board action.

In the absence of a statute requiring that the action of the board must be attended with prescribed formalities, evidence which tends to show that the board had actually discharged the duties devolving upon it would be admissible as establishing a basis for a liability under the statute to the plaintiff in this action.

CHRISTIANSON, Ch. J. (dissenting). I dissent. There was no obligation at common law on the part of a school district to transport, or furnish transportation for, school children. The obligation is purely statutory. The duty is devolved by the statute upon the district school board. But the statute nowhere provides that, in case of neglect of duty on the part of the school board, the school district shall become liable as upon an implied contract to one who performs services in transporting school children. While the school directors are required to perform their statutory duty, and may even be required by mandamus to do so, it by no means follows that neglect on the part of the directors to perform their official duty operates as an implied request to some other person to perform services which the school directors should have contracted with someone to perform. Nor does it follow that the voluntary performance of such services creates any implied promise on the part of the school district to pay therefor. On the contrary the great weight of authority seems to sustain the proposition that a public corporation cannot be held liable as upon an implied contract for services under such circumstances. See McQuillin, Mun. Corp. § 2453; Bosard v. Grand Forks, 13 N. D. 587, 102 N. W. 164; Morgan County v. Seaton, 122 Ind. 521, 24 N. E. 213; Patrick v. Baldwin, 109 Wis. 342, 53 L.R.A. 613, 85 N. W. 274; Buxton v. Chesterfield, 60 N. H. 357, 360; Park v. Laurens, 68 S. C. 212, 46 S. E. 1012; McCormick v. Niles, 81 Ohio St. 246, 27 L.R.A.(N.S.) 1117, 90 N. E. 803; Floyd County v. Allen, 137 Ky. 575, 126 S. W. 124, 27 L.R.A.(N.S.) 1125, and authorities collated in note at page 1129. See also Engstad v. Dinnie, 8 N. D. 1, 76 N. W. 292; Goose River Bank v. Willow Lake School Twp. 1 N. D. 26, 26 Am. St. Rep. 605, 44 N. W. 1002.