The plaintiff applied to the district court for a writ of mandamus. The petition was denied and the proceeding dismissed, whereupon the plaintiff perfected this appeal.
The controversy relates to the transportation of pupils to and from a consolidated school. The plaintiff is a parent of a child of school age and the defendants constitute the school board of Montpelier school district No. 14, of Stutsman county. In June, 1914, the schools in the district were consolidated, and it now embraces a full civil township. Two schools are maintained, one in the village of Montpelier, and the other in section 28. The plaintiff is a farmer, residing in section 4, *Page 247 
three miles from the village of Montpelier. He is the father of a girl under eleven years of age. Prior to consolidation there was a school within three fourths of a mile from his home. During the first two years after the girl became of school age, the district provided vehicular transportation for her to and from Montpelier, but in 1923 this practice was discontinued. The reason assigned for ceasing to operate the bus was that plaintiff's child was the only person of school age in that part of the district and that, consequently, the cost of furnishing actual transportation was greater than the district board felt it could justifiably incur. The plaintiff is seventy-one years of age. He testifies that it is impossible for him to transport his daughter to school, that, as a result, his child is being deprived of the educational advantages to which she is entitled under the Constitution and the laws of this state.
It appears that the school board, in attempted compliance with the provisions of chapter 113, Sess. Laws 1921, is furnishing actual transportation to a number of pupils in the district; in several cases, the board has adopted the plan of paying parents of children of school age a stipulated compensation per day for bringing their children to and from school. In 1923 the board advertised for bids to operate a school bus; and the only bid was made by the plaintiff in the sum of $5 per day. The only child in that part of the district, excepting, perhaps, children of one Anderson who moved away about that time, that would have taken advantage of the bus, was plaintiff's daughter. In 1925, the district apparently canvassed the situation, with respect to transporting children to and from the consolidated school, and adopted a plan of compensation. The schedule of compensation is based upon the distance traveled, and the number of children in each family, in accordance with the statute. Plaintiff's child was considered when the schedule was made and the compensation offered the plaintiff is in conformity with the schedule adopted and the payment which was tendered and made in the case of other families. In short, it does not appear that plaintiff and his child have been made the victims of discrimination; all parents and all families are dealt with alike and equally. The claim is that the proffered compensation is clearly inadequate, and that it is the duty of the school board to furnish actual vehicular transportation. It appears to be the position of the plaintiff that the option of furnishing vehicular transportation or making cash payment is with the patron, *Page 248 
and may not be exercised by the board; and that the plaintiff, having declined to accept the tender, is entitled to and may demand actual transportation. Under the schedule arranged by the board in 1925, the allowance to plaintiff was $.35 per day.
As before stated, the district school board provided two public conveyances, one carrying the children to the school at Montpelier, and the other to the school house located in section 28. The bus that operated in the territory tributary to Montpelier, would be required to go three or four miles from its regular route in order to take plaintiff's child. Were this done, other children would have to be on the road an unreasonable length of time, in the opinion of the board.
The contentions of plaintiff's counsel may be summarized as follows: Article 8 of the Constitution directs the legislature to provide a uniform system of free public schools throughout the state extending from the primary through all the grades, including normal and collegiate courses. In order to execute the constitutional mandate, the legislature has at different times provided for transportation, in the cases of consolidated schools, of children living two and one-half miles, or more, from the school building, such transportation to be at public expense; that it is the mandatory duty to provide transportation at public expense to all children of school age, living two and one-half miles, or more, from the schools; that the legislature, in amending § 1190, Comp. Laws 1913, by the enactment of chapter 113, Sess. Laws 1921, did not intend to provide that the tender of a sum of money should be the legal equivalent of the transportation of pupils, that is, that such tender should not be deemed a discharge of the duty to transport the pupils or relieve the district of the duty to furnish actual vehicular transportation. Appellant contends that if chapter 113 of the Session Laws of 1921 must be construed as evincing a purpose to permit the school board to discharge the duty of transporting pupils by making a tender of money as an equivalent thereof, then the chapter must, to that extent, be held unconstitutional and void. It is then contended that the circumstances of the plaintiff being such that he cannot himself deliver the child at the school, it is the duty of the board, on demand, to transport his child; and that the fact that such actual transportation will cost the district more than the amount tendered under the family system, is of no consequence. It is urged that the provision of the statute to the effect that *Page 249 
the award of compensation made by the board may be submitted to arbitrators whose award shall be binding upon the board, is an unconstitutional invasion of plaintiff's rights.
Chapter 113 of the Laws of 1921 provides that if a patron be dissatisfied with the offer of compensation made by the school board as an equivalent of transportation, he may apply to the school board for a board of arbitration, consisting of one person selected by the patron, one person selected by the school board and another person chosen by the two already selected. The decision of the board of arbitration shall be final and binding upon the board. In the case at bar the plaintiff did not ask for arbitration and no arbitration was in fact had.
It was the view of the trial court that the plaintiff was not entitled to a writ because he had not taken advantage of the statutory remedies. The plaintiff had neither sought to have an election called nor applied for arbitration, hence the trial court held that his application for a writ must be denied.
Chapter 113, Sess. Laws 1921, reads as follows:
Sec. 1190. "Consolidation of Schools and Transportation of Pupils. The district school board may call, and if petitioned by one third of the voters of the district, shall call an election to determine the question."
1. "To consolidate two or more schools or the territory usually served by two or more schools and select a site and provide a suitable building;" or
2. "To select a school already established and, if necessary, make suitable additions thereto to accommodate the pupils of the schools to be vacated."
3. "To decide whether transportation shall be by public conveyance or otherwise; such transportation shall be by public conveyance unless two thirds of the votes cast at such election are opposed to such mode of transportation."
"Said election shall be conducted, both as to notices and as to manner of canvassing the votes, in the same manner as the annual school elections. If a majority of the votes cast at such an election, except as herein otherwise provided, are in favor of either proposal, then the board shall carry out the decision of the district within four months thereafter. In the event of carrying out either proposal prior to or *Page 250 
after the passage of this act, it shall be the duty of the board to provide for the transportation of the pupils at public expense, to and from the consolidated school, except to those pupils living less than one and one-half miles from such school; and it shall also be the duty of the board, if deemed expedient, to move to the site selected, school houses, already built or to sell such school houses. Provided, that transportation may be furnished either by the use of public conveyance or by allowing to each family as compensation a sum of not less than twenty cents nor more than one dollar and fifty cents per school day of attendance, such compensation to be equitably based upon the distance traveled and the number of children transported. Provided, further, that the sum total of expenses to a district for transportation shall not be greater where the family system of payment is used than would be the case under a system of public conveyances. Provided, also, that in case a patron is dissatisfied with the arrangement made by the school board with re-guard to the transportation of his children, he may apply to the school board for a board of arbitration consisting of one selected by the patron, one selected by the school board and another chosen by the two already selected; the school district to pay all costs thereof; said cost not to exceed three dollars per diem per member of said arbitration board. The decision of said arbitration board shall be final and binding on the board."
Under chapter 127, Sess. Laws 1915, it appears to have been the mandatory duty of the board to furnish vehicular transportation for children of school age residing beyond a certain distance from the school. See Eastgate v. Osage School Dist. 41 N.D. 518, 171 N.W. 196. This was the rule by statute, until chapter 199, Sess. Laws 1919, amending chapter 127, Sess. Laws 1915, supra, was adopted. By the amendment the duty to furnish transportation could be discharged either by actual conveyance or by compensation according to the family system. Counsel for the defendants contends that this change was made in 1919, because the expense of furnishing actual transportation imposed such a burden upon the tax-paying public, as to create strong sentiment in favor of a change. Doubtless, the consideration of expenses exerted a material influence upon the legislature in enacting the modification effected by chapter 199, supra. No other material amendment of the law has been made, except that effected by chapter *Page 251 
113, Sess. Laws 1921, when subdivision 3 was added to the original statute. Comp. Laws 1913, § 1190. The provision with reference to arbitration was first enacted as a part of chapter 53 of the Laws of the Special Session of 1919, this chapter being amendatory of chapter 199, Sess. Laws 1919.
After careful consideration of the governing statutes, we have reached the conclusion that the option whether vehicular transportation or compensation shall be furnished, does not rest with the patron, but with the school board. Language could scarcely be plainer: "Provided that transportation may be furnished either by the use of public conveyance, or by allowing to each family as compensation a sum," etc. If there were any doubt as to the legislative intention from the language of the act, that doubt must be removed when it is recalled that provision for arbitration was made. That amounts to a legislative construction that no option in this respect rested with the patron; that, on the contrary, the decision lies in the discretion of the board. The legislature provided that if the patron be dissatisfied with the exercise of that discretion, in so far as the award of compensation was concerned, he might have the decision of a board of arbitration upon the subject and that such decision should be final as far as the school district was concerned.
It is doubtless true as argued by counsel for the appellant, that the history of legislation upon the subject of education indicates a purpose to facilitate, by every possible means, the diffusion of knowledge through the organization and maintenance of schools, conveniently located, "equally free, open and accessible to all children" of school age. See chapter 62, Sess. Laws 1890; Revision of 1895, § 759, subd. 3; § 1343, Comp. Laws 1913. With the coming of consolidation, about 1909, the legislative purpose or the legislative duty in this respect were not in any manner changed. The plain purpose of the government has at all times been to afford school facilities without discrimination to all children of school age; but with the consolidated system and the larger areas tributary to the consolidated school, the problem of transportation arose. At several sessions of the legislature since, that body has dealt with this subject in one form or another. From a reading of the statutes on the subject and the changes, from time to time, made therein, we are impressed with the idea that the problem of transportation to which consolidation gives rise is indeed a serious one; that the desire *Page 252 
to make improved school advantages available to all children within a large radius is constantly challenged by the question of the expense of bringing children to and from the school. For a period the legislature adopted the policy of compulsory vehicular transportation; this was found unsatisfactory, perhaps partly because of the heavy expense; an optional system was thereupon authorized where the district board could provide vehicular transportation, or pay according to a fixed schedule, in their discretion. The latter is the system in vogue at the present time and the one which was in force when this case originated. There is no suggestion in the record that the school board has acted arbitrarily in this matter or unlawfully discriminated against the plaintiff or his child. It is his misfortune to be situated in a part of the district so sparsely settled that actual vehicular transportation would entail virtually prohibitive expense; at least, such is the judgment of the school board. Having taken that view of the situation, the board exercised the option given it under the law and made a tender of actual compensation to the patron. Unfortunately, the compensation tendered is, of course, inadequate when the distance to be traveled and the facilities required are made the sole criteria. The contingency illustrated by the case at bar, however, was doubtless in the mind of the law making body. We cannot assume that it was overlooked. The maximum schedule of compensation authorized is manifestly inadequate, when measured by accepted standards of commercial values, in cases where patrons are situated like the plaintiff in this action. We think the inference is necessary from the legislation on the subject, that the legislature did not intend that it should be obligatory upon the school board to pay every patron the actual value or cost of the service of transporting his own children to school. We think the legislature recognized the fact that while the public is vitally interested in the maintenance of adequate school facilities, of which all children in the state may at all times take advantage, the patron or parent, likewise, has a vital interest in obtaining an education for his child; and that such parental solicitude might be sufficient, in cases like the one at bar, where full compensation could not practically be made, to supply the incentive to transport the child which full compensation for the service, according to the ordinary standards of value, would have furnished.
It is strongly urged that actual transportation at public expense is *Page 253 
the constitutional equivalent of the duty to establish and maintain a system of schools "conveniently placed" under §§ 147, 148 and 149 of the state Constitution; and that to give the school board the option to tender compensation in lieu of actual transportation is tantamount to a denial of a right to which plaintiff and his child are entitled under the fundamental law. To begin with, there is no requirement in the Constitution that schools shall be "conveniently" located. We find no limitation upon the power of the legislature which precludes that branch of the government from authorizing the consolidation of schools, for the purpose of providing better educational facilities for the people, with the discretionary power in the district board or in the people through an election, to furnish transportation or tender compensation, in lieu of actual transportation. The people of the district have taken no action in the premises, otherwise than through the board. The constitutional argument is without merit.
The judgment is affirmed.
CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.